# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

## APRIL TERM, 1919

[No. 2359]

MABEL VIOLA SWEENEY, RESPONDENT, v. JAMES
G. SWEENEY, DEFENDANT; GEORGE A. BART-
LETT, NELLIE W. LAMMON, AND LOUISE
SANFORD, AS EXECUTORS OF THE LAST WILL AND
TESTAMENT OF JAMES G. SWEENEY, DECEASED,
SUBSTITUTED AS DEFENDANTS, APPELLANTS.

[179 Pac. 638]

1. PLEADING — ADMISSION — PROCEEDING TO MODIFY DIVORCE JUDG-
MENT.
Allegation of plaintiff, a divorced wife, suing executors of
a deceased husband's will to alter judgment to make alimony
awarded lien on husband's estate, that no provision was made
and no specific property of husband set aside by original decree
to secure monthly alimony payments, was admission on part of
wife that judgment rendered in connection with decree, stand-
ing alone, could not be construed as charge on husband's
estate.

2. JUDGMENT—ALTERATION—VACATION—STATUTE.
Since terms of court are abolished, a judgment can be set
aside or amended only as provided by Rev. Laws, 5084, except
for fraud, etc.

3. DIVORCE—JUDGMENT FOR ALIMONY—ALTERATION AFTER TERM.
A decree of divorce a vinculo matrimonii is final, and the
jurisdiction of the court over the parties after the expiration
of the term is at an end, and as there can be no grant of
alimony after such a divorce, there can be no change in the
award of alimony, unless the right is reserved in the decree
or given by statute.

4. DIVORCE—JUDGMENT FOR SUPPORT OF CHILDREN—ALTERATION.
    Final judgment of divorce providing for support of children
    of marriage cannot, after term, when court has lost jurisdic-
    tion of parties, be changed as to such provisions, unless right
    is reserved by the decree or given by statute.
5. JUDGMENT—REVIVAL—DIFFERENT CAUSE OF ACTION.
    Despite Rev. Laws, 5843, where a divorce decree provides
    for installment payments of alimony and for support of child,
    former wife cannot nearly three years after judgment, and
    after husband's death, revive cause, and, under guise of mak-
    ing his representatives parties defendant, retry issue of ali-
    mony and child support and recover judgment for lump sum
    instead of monthly payments, and declare it a prior lien on
    the husband's estate, a judgment entirely different from
    original judgment.
6. STIPULATIONS—CLAIM AGAINST ESTATE—STATUTORY PROCEDURE.
    Stipulation, between parties to proceeding by divorced wife
    against deceased husband's executors to modify original judg-
    ment of divorce as to payment of sums for alimony and child
    support, that proceeding should be determined and considered
    as suit against estate of husband on claim that had been
    rejected, will not be given effect, where to do so would be
    to nullify express mandate of statute with reference to adju-
    dication of claims against estates of deceased persons; claim
    in fact having been neither approved nor rejected.

APPEAL from First Judicial District Court, Ormsby
County; *Frank P. Langan*, Judge.

Proceedings by Mabel Viola Sweeney against George
A. Bartlett and others, as executors of the last will and
testament of James G. Sweeney, deceased, substituted
as defendants for deceased. From order and judgment
for petitioner, defendants appeal. **Reversed.**

*H. V. Morehouse*, for Apellants:

The court had no jurisdiction to entertain the motion.
made herein, nor to take any steps thereunder, because
the divorce decree was and is final, and not subject to
appeal, motion for new trial, or modification. Kapp v.
District Court, 32 Nev. 264. "We think the authorities
generally sustain the proposition that a decree for
alimony in a case of divorce a vinculo, made without
reserve, although payable in installments, is final, and
cannot be changed after the enrollment of the decree."
Mayer v. Mayer, 154 Mich. 386; Sampson v. Sampson,
16 Atl. 711; Livingston v. Livingston, 93 Am. St. Rep.

600; Kamp v. Kamp, 59 N. Y. 212; Erkenbrack v. Erkenbrack, 96 N. Y. 456. "A judgment is final that disposes of the issues presented in the case, determines the costs, and leaves nothing for the future consideration of the court." Perkins v. Mining Co., 10 Nev. 405. The rule is that a "judgment of a court of competent jurisdiction is conclusive between the same parties and for the same cause, either in the same or any other court." Heyden v. Boothe, 9 Ky. 353; Parker v. Struat, 39 Mo. App. 616; Goldston v. Hoyt, 1 Johns. Ch. 543; Peay v. Duncan, 20 Ark. 85; Wingate v. Haywood, 40 N. H. 437; Aldering v. Allison, 127 Am. St. Rep. 363; Hilton v. Stewart, 128 Am. St. Rep. 48; Hudson v. Wright, 137 Am. St. Rep. 55; Stradley v. Bath, 139 Am. St. Rep. 993.

An order in this proceeding to establish a claim against the estate cannot be sustained. Rev. Laws, 5974. The executors can be sued only upon some claim or cause of action that could have been brought during the lifetime of decedent. Rev. Laws, 6022. Schwartz v. Stock, 26 Nev. 153; 18 Cyc. 880; Myer v. Cole, 2 Johns. N. Y. 349. In the absence of a statute, the probate court has no jurisdiction to adjudicate disputed claims to an estate. Estate of Singleton, 26 Nev. 106. Proceedings in the administration of estates are purely statutory. Smith v. Westerfield, 26 Pac. 206; Maddock v. Russell, 42 Pac. 139. "In such an action he can recover only upon the claim so presented and rejected, and is not entitled to recover against the executor for any other cause of action." Litchenberg v. McGlynn, 38 Pac. 541; Brooks v. Lawson, 68 Pac. 97.

The decree does not provide any lien, neither does the law as to divorce; the decree does not make, intend to make, nor attempt to make the alimony a lien. Rev. Laws, 5274; Scott v. Scott, 103 Pac. 1005. The award of alimony being in the nature of a provision by the husband for the support of the wife, it ceases upon the death of the husband. Wilson v. Hinman, 75 N. E. 236; Casteel v. Casteel, 38 Ark. 477; Brown v. Brown, 38 Ark. 324; Kurtz v. Kurtz, 38 Ark. 119; Bowman v.

Washington, 24 Ark. 522; Smith v. Smith, 1 Root (Conn.) 349; Wren v. Mass., 6 Ill. 560; Craig v. Craig, 163 Ill. 176; Knapp v. Knapp, 134 Mass. 353; Wagner v. Wagner, 132 Mich. 343; Field v. Field, 15 Abb. N. Cas. 343; Johns v. Johns, 55 N. Y. Supp. 533; Nary v. Braley, 41 Vt. 180; McCurley v. McCurley, 60 Md. 185; 14 Cyc. 788.

When the judgment was given, made and entered in the original proceeding, the court made no reservation of any kind. The record shows there was no motion for new trial, nor any appeal taken. The judgment then became final. "But to continue the full and complete jurisdiction of the district court over the term at which judgment is rendered, some order must be made or some proceeding taken in accordance with the statute." State v. First Nat. Bank, 4 Nev. 358; State v. Smith, 16 Nev. 371. "It is well settled, upon the soundest policy, that after the adjournment of a term a court loses all control over its decrees and judgments rendered at such term, unless its jurisdiction is saved by some proper proceeding instituted within the time allowed by law." Daniels v. Daniels, 12 Nev. 118; Clark v. Strauss, 11 Nev. 76; Castro v. Richardson, 25 Cal. 49; Exchange Bank v. Ford, 3 Pac. 449; Jones v. Sulphur Co., 14 Nev. 174; Vantilburg v. Black, 3 Mont. 469.

*Norcross, Thatcher & Woodburn,* for Respondent:

Divorce cases are not to be governed by the ordinary rules which apply to civil cases. The object of all civil actions is the obtaining of a judgment that will be final. This is both necessary and proper in order that property rights, title to property and rights to property may be finally and definitely settled. A divorce proceeding, however, is one in which the state has an interest; it deals with a status, and should always be open to modification, change or alteration in the interest of justice. It is the policy of the law in divorce proceedings to protect the parties, and the children, issue of the marriage. Stats. 1915, p. 324.

The present worth of the judgment in the divorce proceeding was found and established by the court in order that the estate could be wound up. The order reducing it to its present worth was within the power and jurisdiction of the court, especially in the probate proceedings, for a suit upon a rejected claim is but a part of the estate proceedings. Creyts v. Creyts, 106 N. W. 111.

Alimony previously allowed does not terminate on the death of the husband. Lake v. Bender, 18 Nev. 361; O'Hagan v. Executor, 4 Iowa, 509. Whether or not the divorced wife and minor children, or any of them, are entitled to have the payment of alimony or money for their support continue after the death of the deceased, depends on the nature and terms of the decree allowing the same. Murphy v. Moyle, 17 Utah, 113. Under the statute, the court has power to enter a decree for alimony which will survive the death of the husband. Stone v. Bayley, 75 Wash. 184; Ex Parte Hart, 24 Cal. 254.

By the Court, SANDERS, J.:

This proceeding was begun on the 13th day of October, 1917, by petition and motion of Mabel Viola Sweeney, entitled in the divorce action of Mabel Viola Sweeney, plaintiff, against James G. Sweeney, defendant, to have the judgment for absolute divorce rendered therein on the 30th day of December, 1914, modified, altered, and amended so as to make the alimony awarded the plaintiff and for the support of the minor child of the marriage a lien upon the estate of the defendant, who died on the 7th day of July, 1917, superior to creditors and the devisees under the last will and testament of the defendant, and, further, to have the present value of the judgment ascertained and determined, and, when ascertained and determined, adjudged and decreed to be a lawful claim against the estate of the defendant in the hands of his executors, as a judgment made and found on the date of the original decree, to wit, December 30, 1914.

The decree of divorce, among other things, provides as follows:

"It is further ordered, adjudged, and decreed that defendant pay to plaintiff, beginning with the date of this decree, payable in advance, the sum of $25 per month each and every month for the support, care, maintenance and education of said minor child, Alice Louise Sweeney, until she attains her majority, and in like manner and time pay to the plaintiff the further sum of $50 each and every month, until the plaintiff may again marry, as alimony for her support."

The petitioner sets up in her petition her marriage, her decree of divorce, the death of the defendant, his last will and testament, the value of the testator's estate, approximately $30,000, the probate of his will devising all of his property to his executors, except a bequest of $2,000 to his daughter, Alice Louise Sweeney, the issuance of letters testamentary to the executors (appellants), and the publication of notice to creditors. She further alleges that no provision was made in the divorce judgment to secure the sums ordered to be paid to plaintiff by the defendant for the support of said daughter, a minor child of the marriage whose custody, by the terms of the decree, was awarded to plaintiff, and, further, that no provision was made in the said decree to secure the alimony awarded plaintiff. And upon information and belief she alleges that the executors of the estate of James G. Sweeney will refuse to continue payment of said sums and will decline and refuse to set apart any part or portion of the estate of the defendant to secure the continued payment of said sums, or either of them, and, being without remedy, she demands that the executors of the last will and testament of James G. Sweeney be substituted as defendants for their testator in the divorce suit, and that the judgment for divorce be modified, altered, and amended in conformity to the prayer of her petition.

The district court, upon a hearing of the motion, substituted the executors as defendants for their testator in the divorce suit, and by its order found the

present value of the judgment in said action to be $10,022.13, of which sum $1,214.13 (says the order of the court) is for the care, custody, and support of the minor child, Alice Louise Sweeney, and $8,808, is for the support and maintenance of the plaintiff in said action, taking into consideration the life expectancy of said Alice Louise Sweeney, the life expectancy of plaintiff, Mabel Viola Sweeney, and taking into consideration the chances of the remarriage of the plaintiff, Mabel Viola Sweeney. And by its order adjudged and decreed the value of the judgment, so ascertained and determined, to be paid Mabel Viola Sweeney in lieu of and in place of the monthly sums as provided in said decree of divorce, and further ordered, adjudged, and decreed that the lump sum be and is made a lien upon the property and assets of the estate of James G. Sweeney, deceased, as a judgment made and found on the date of the original decree, to wit, December 30, 1914, and further ordered, adjudged, and decreed that said judgment be approved as an approved and allowed claim against said estate and paid in the due course of its administration and settlement.

A certified copy of the judgment for divorce was, within the time required by law, presented to the representatives of the estate of James G. Sweeney, deceased, as a claim against his estate, which was neither approved nor rejected. It appears that thereafter the attorneys for the respective parties entered into a written stipulation, in part as follows:

"That the above-entitled proceedings be heard and determined, and that in all respects said proceedings be considered as a suit and action against the estate of James G. Sweeney upon said claim as though the same had been rejected, and that both proceedings be in effect determined together."

The appellants appeal to this court from the said order and judgment by separate notices of appeal, and by their assignments of error, sixteen in number, raise the question of the jurisdiction, power, and authority of the court below under the statute, the general law, and in

the circumstances of this case, to make said order and render such judgment.

**1, 2.** The movant and petitioner (the plaintiff in the divorce suit) alleges in her petition that no provision was made and no specific property of the defendant was set aside by the original decree for the purpose of securing the monthly sums adjudged and decreed to be paid plaintiff by the defendant. We regard this as an admission on the part of the plaintiff (petitioner) that the judgment rendered in connection with the decree for divorce, standing alone, could not be construed as a charge upon the estate of the defendant; otherwise there would have been no necessity for the procedure adopted to modify, alter, and amend the judgment. Undoubtedly the rule is that a judgment cannot be set aside, altered, or amended after the term of court at which it was rendered. State v. First National Bank of Nevada, 4 Nev. 358; Daniels v. Daniels, 12 Nev. 118; Lang Syne M. Co. v. Ross, 20 Nev. 136, 18 Pac. 358, 19 Am. St. Rep. 337; 15 Ency. Pl. & Pr. 216. Now that terms of court are abolished (State v. Jackman, 31 Nev. 511, 104 Pac. 13), a judgment can be set aside or amended only as provided by statute (Rev. Laws, 5084), except for fraud or other instances not material here.

It is the contention of the respondent that the rule of the statute does not apply to a judgment rendered in connection with a decree of divorce, and the appellants are precluded by their stipulation from raising the question of the court's jurisdiction to alter and amend the final judgment in the divorce suit.

**3-5.** There is nothing peculiarly applicable to a divorce proceeding which gives a court jurisdiction to amend or alter a final judgment. A decree a vinculo is final, and the jurisdiction of the court over the parties is after the expiration of the term at an end; and just as there can be no grant of alimony after such a divorce, so there can be no change in the award of alimony, unless the right to make such a change is reserved by the court in its decree, as it may be, or is given by statute, as

it often is.    Stewart on Marriage and Divorce, secs. 366, 376.    But where there is no such statute (and we have none), and where the decree does not reserve the right to the court (as it does not here) to alter the decree for alimony, no such authority exists. Howell v. Howell, 104 Cal. 45, 37 Pac. 771, 43 Am. St. Rep. 70; Egan v. Egan, 90 Cal. 15, 27 Pac. 22; Ruge v. Ruge, 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F, 721; Kamp v. Kamp, 59 N. Y. 212.    The same is true as to provisions in a final judgment of divorce for the support of children of the marriage.    The cases cited by respondent in this connection are based upon a particular statute or upon the terms and conditions of the decree. Granting that by our statute (Rev. Laws, 5843) courts upon the dissolution of a marriage are vested with almost unlimited authority and power to make such provision for the support of the wife and children as shall be deemed to be just and equitable, and upon such terms and conditions as it may deem necessary for such purpose, we do not apprehend that it could be successfully urged that the power thus conferred is so omnipotent as to empower a court, nearly three years after a final judgment in a divorce suit, to receive the cause, resurrect a dead defendant, and, under the guise of making his representatives parties defendant, retry an issue incident to the original action and render a judgment therein entirely different in form and effect from the original judgment.    Such was the object of this proceeding, and such is the ultimate effect of the court's order and judgment.    If we countenance such practice, when would divorce litigation ever end?

**6.** But it is insisted by counsel for respondent that the appellants are precluded by their stipulation from raising the question of the court's jurisdiction to modify, alter, and amend the judgment in the divorce suit, and this court by virtue of the stipulation is authorized to consider this as an action against the executors of the estate of James G. Sweeney, deceased, to have the judgment in the divorce suit adjudged and decreed to be a lawful

claim against his estate as a judgment with the priority of a lien as of the date of the original decree. This we decline to do: First, because to sanction the stipulation would be to nullify the express mandate of the statute with reference to the adjudication of claims against the estates of deceased persons and permit litigants to stipulate jurisdiction to suit their own convenience—which can never be done. (Hastings v. Burning Moscow, 2, Nev. 93; Phillips v. Welch, 11 Nev. 187); second, because it affirmatively appears from the petition that the original decree makes no provision that the sums payable to the wife are a charge upon any specific property of the defendant, and the prayer of her petition is that the judgment be so altered and amended as to make the same a lien. The stipulation falls by its own weight.

Our conclusion is that the judgment rendered in connection with the decree of divorce, in legal construction, is not a charge upon the estate of James G. Sweeney, deceased, and the court below had no jurisdiction to make the order and judgment appealed from.

The order is annulled, and the judgment is reversed.

COLEMAN, C. J.: I concur.

DUCKER, J., did not participate in the consideration of this case.