[No. 2535]

# DOROTHY PARSONS DECHERT, Respondent, *v.* JAMES FLANAGAN DECHERT, Appellant.

[205 Pac. 593]

1. Divorce—Modification of Decree Held Authorized.

Where decree of divorce provided that it might be modified as to allowance to wife and child, the court had authority subsequently to modify it upon a proper showing.

2. Appeal and Error—Appeal Not Considered upon Evidence in Absence of Bill of Exceptions.

Where there is no bill of exceptions in the record on an appeal from an order denying a motion to change the terms of a decree of divorce so as to disallow an item for the support of a child, the appeal cannot be considered upon the evidence under Stats. 1915, c. 142, sec. 6, p. 165.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Suit by Dorothy Parsons Dechert against James Flanagan Dechert. From an order made after final decree granting plaintiff a divorce, and making an allowance for her support and for the support of a minor child, defendant appeals. **Affirmed.**

*Vernon A. Vrooman (Harrison Clark,* of Counsel), for Appellant:

The court below, by reserving generally the right to amend the decree as to the money provision, did so for all purposes involving changing conditions, substantial justice, and established legal principles; and, if appellant established the affirmative of any one of the grounds of his motion, it was error on the part of the court to deny the motion, and the order should be reversed. Sistare v. Sistare, 218 U. S. 1; Van Horn v. Van Horn, 196 Am. Dec. 472.

Appellant pursued the proper remedy to secure a modification of the decree. 19 C. J. 359; 1 R. C. L. 947.

Neither the taking of a bill of exceptions nor the filing of an assignment of errors is necessary. The statute relative thereto is merely directory. Stats. 1915, c. 142. The order now before this court for review is one made upon the affidavit of appellant. "The provisions of the last preceding section shall not apply to appeals taken from an order made upon affidavits, but certified copy of such affidavits and counter-affidavits, if any, shall be annexed to the order in place of the bill of exceptions mentioned in the last section. Idem, secs. 11, 12. On hearing of the motion there was no objection of any evidence introduced, and no exception to any incident of the hearing. The one error which appellant seeks to have remedied is the order itself, which is deemed excepted to. "An order or decision from which an appeal may be taken are deemed to have been excepted to." Rev. Laws, 5318; Stats. 1915, c. 208, p. 321. No question has been raised as to this being an appealable order, and as such it is deemed excepted to. Ballard v. Purcell, 1 Nev. 342; State v. Murphy, 29 Nev. 248, 88 Pac. 335. "An appeal may be taken from any special order made after final judgment." Rev. Laws, 5329; Smith v. Wells Estate Co., 29 Nev. 411; Weinrich v. Porteus, 12 Nev. 102; Rev. Laws, 5356; Gray v. Harrison, 1 Nev. 502.

*Cheney, Price, Hawkins & Lunsford,* for Respondent:

False testimony or fraud respecting matters in issue does not justify a collateral attack upon the judgment or its review in any manner than by a motion for a new trial. U. S. v. Throckmorton, 98 U. S. 61. "The maxim that fraud vitiates every proceeding must be taken, like other general maxims, to apply to cases where proof of fraud is admissible. But where the same matter has been either actually tried, or so in issue that it might have been tried, it is not again

admissible; the party is estopped to set up such fraud, because the judgment is the highest evidence, and cannot be controverted." Green v. Green, 2 Gray, 361; 15 Stand. Ency. Prac. 321.

The appeal should be dismissed or the order appealed from affirmed. There is no bill of exceptions, nor any assignment of errors. It was discretionary with the lower court to grant or refuse to grant the motion to modify the judgment, and there is nothing in the record to show an abuse of that discretion. This is an appeal entered after "trial on the merits." Coffin v. Coffin, 40 Nev. 345. There having been a hearing on the merits, it is indispensable that there should have been filed, in due season, an assignment of errors.

By the Court, COLEMAN, J.:

This is an appeal from an order made after a final decree granting the plaintiff a divorce and making an allowance for her own support and for the support of a minor child. Something more than a year after the decree mentioned had been entered, a motion was made to change its terms so as to disallow the item of $100 per month for the support of the child. Four grounds are stated in the motion in support thereof, namely: (1) That counsel for the defendant was instructed by the defendant not to consent to the allowance by the trial court of the item complained of; (2) that the said item so allowed by the court is in violation of the terms of an agreement made between the parties, prior to the trial of the case, settling the question of allowance for the wife and child; (3) that it is in violation of the terms of a certain trust deed executed by the defendant to secure a compliance with the terms agreed upon in said agreement settling the question of allowance for the wife and child; and (4) that the plaintiff committed a fraud upon the court.

1, 2. The court, after a full hearing on the motion, denied the same; hence this appeal. A motion has been

interposed to affirm the judgment, for the reason that there is no bill of exceptions in the record. The decree of divorce provides that it may be modified as to the allowance mentioned, and hence the court would have authority to modify it upon a proper showing (Sweeney v. Sweeney, 42 Nev. 431, 179 Pac. 638) ; but there is a wide difference between the modification of a decree in respect to such a matter upon the ground of changed conditions of the parties and the entry of a different decree. This is an application to change the decree itself, and not to modify it because of changed conditions of the parties, or either of them. As to the first ground of the motion, it is not even here contended that the attorney who appeared for the defendant at the trial of the case violated his instructions. The query naturally arises whether the court, upon an application of this kind, can revamp its decree and enter a different one; also, whether the court is bound by an extrajudicial agreement of the parties as to an allowance for a minor child. But we do not think we can consider the appeal upon its merits. From the very nature of the application—that is, of the grounds thereof—to change the terms of the decree, it is apparent that no reliance can be based upon the record proper to sustain it, since none of the matters relied upon appear therefrom, or could appear therefrom; hence these matters must be brought to our attention, if at all, by a duly settled bill of exceptions. The purpose of a bill of exceptions is to bring into and make a part of the record the evidence taken and relied upon at the trial of a case. Unless the evidence is made a part of the record by a duly settled bill of exceptions, it cannot be considered by this court. This being an appeal from an order made after final judgment, the bill of exceptions must be settled as pointed out in Stats. 1915, sec. 6, c. 142, p. 165, which may be either by stipulation of the parties, or order of the trial judge or of the court. There is no bill of exceptions in the record on appeal in this matter; hence we

cannot consider the appeal upon the evidence. Corcoran v. Dodge, 45 Nev. 406, 204 Pac. 879, and cases cited therein.

No error appearing from the record proper, it is our duty to affirm the order appealed from.

It is accordingly so ordered.