## LINDSAY v. LINDSAY

No. 2783

September 5, 1929.                    280 P. 95.

*Cooke & Stoddard*, for Appellant:

*McCarran & Mashburn,* for Respondent:

## OPINION

By the Court, DUCKER, C. J.:

On March 22, 1924, the court in the above-entitled action decreed a divorce in favor of the plaintiff wife, appellant here, which contains the following provisions concerning the support and custody of the minor children of the parties, to wit: "That the defendant (husband) pay to the plaintiff the additional sum of Twelve Hundred Dollars per year in equal monthly installments for the full and entire support and maintenance of the minor child, Gordon Inglis Lindsay, Jr., excepting therefrom the cost of his education, commencing on April 1, 1924, and to continue until he shall become self-supporting; and that the defendant pay to the plaintiff the additional sum of Twelve Hundred Dollars per year in equal monthly installments for the full and entire support and maintenance of the minor child, Mary deForrest

Lindsay, excepting therefrom the cost of her education, commencing on April 1, 1924, and to continue until she shall marry; that the plaintiff be awarded the custody and care of said minor children during the term of each school year, and defendant be awarded the custody and care of each of said children during the summer school vacation period and one-half of all other school vacation periods, and the defendant also be awarded the care and custody of said children from Friday evening until Monday morning on each alternate week during the school terms only, and when the schooling of said children shall have been completed the care and custody of said minor children be equally divided between plaintiff and defendant."

On February 2, 1927, through his attorney, defendant filed in the trial court his notice of motion and motion for an order to construe the decree of divorce in the following particulars:

"(1) As to whether said decree requires the respondent to pay all of the expenses of the education of the children, or whether he may deduct such expenses as he may be required to pay for their education from the $1,200 which he is required to pay each year for the support and maintenance of each of them, and

"(2) As to whether said decree requires respondent to pay appellant the sum of $1,200 per year for the support and maintenance of each child, or whether he could deduct therefrom the amount of expense he actually pays out each month for the support and maintenance of each child when the children are in his custody during the vacation period of the year during that portion of their lives when they are receiving their schooling and education and in his care and custody thereafter as provided for in the decree."

In the motion is also contained a request for an order modifying the decree in case the court should construe it to require the respondent to pay the sum of $1,200 a year for the support and maintenance of each child in addition to the expense of their education and the expense of their support and maintenance while in his

custody under the terms of the decree, so as to provide that respondent would not be required to pay the full $100 per month for each child during the time the children were in his custody, but would be permitted to deduct all sums paid for their support, maintenance, and education during such times.

Affidavits and counter affidavits and documentary evidence were offered at the hearing on the motion. The trial court overruled appellant's objections to the court entertaining jurisdiction of the motion. After argument on the motion and consideration thereof, the court entered an order which, omitting a statement of the portion of the decree to be construed, and statements of the contentions of counsel, reads as follows:

"If we deduct the cost of education from the amount mentioned in the decree, then it is not a decree for Twelve Hundred Dollars per year in equal monthly installments for the full and entire support and maintenance of the minor child. The phrase or clause 'excepting therefrom the cost of his education' does not mean that the money is to be used for any other purpose than the full and entire support and maintenance of the minor. In other words, the cost of education is exclusive of the maintenance and support.

"In this connection we will say that if the minor child lives with the father, or with any other person, the mother is supposed to pay for the full support and maintenance out of the Hundred Dollars, which the decree gives for such purpose. In other words, if the minor child lives with the father six months of the year, the mother should pay to the father, from the Hundred Dollars per month granted to her by the decree for the boy's support and maintenance for six months.

"This reasoning applies to both of the minors. Such is the Court's construction of the decree. Done in open Court this 18th day of April, 1927."

The appeal has been taken from this order. Appellant contends that the order is in effect a modification of the decree, that it reduces the amount required to be paid by respondent to appellant, and that the court was

without jurisdiction to make it. Lack of jurisdiction is claimed because of the fact that more than six months had expired from the rendition of the decree before notice of the motion was given as required by rule 45 of the rules of the district court. The rule reads: "No judgment or other judicial act or proceeding shall be vacated, amended, modified, or corrected by the court or judge rendering, making or ordering the same, unless the party desiring such vacation, amendment, modification or correction shall give notice to the adverse party of a motion therefor, within six months after such judgment was rendered, order made, or action or proceeding taken."

On the other hand, respondent contends that the court had jurisdiction for the reason that the motion was not to modify the substance, effect, or terms of the decree, but to construe and clarify it wherein it was ambiguous, and which is all the court did by its order.

We are of the opinion that the district court rule is no bar to the correction of errors or omissions of a clerical or formal nature, or limitation of the power of the court to construe a decree or judgment wherein it may be ambiguous, so as to make it speak the truth as to what was actually decided. It is intended as a time limit for vacating such a proceeding or for altering it in any substantial way.

If the order of court is merely curative of uncertainty in the decree and in no way changed it in substance, the court was not without power to so construe it, and its action must be sustained.

■ It is well settled that a court has inherent power independent of statute to remove any ambiguity in a judgment or decree or to correct clerical or formal error at any time. Gagnon v. United States, 193 U. S. 451, 24 S. Ct. 510, 48 L. Ed. 745; Kaufman v. Shain, 111 Cal. 16, 43 P. 393, 52 Am. St. Rep. 139; Sparrow v. Strong, 2 Nev. 362; Ex Parte Breckenridge, 34 Nev. 275, 118 P. 687, Ann. Cas. 1914B, 871; Keene v. Welsh, 8 Mont. 305, 21 P. 25; Sabine Hardwood Co. v. West Lumber Co. (D. C.) 238 F. 611–615; Clemens v. Gregg et al., 34 Cal.

App. 272, 167 P. 299; 15 Encyc. Pl. & Prac. pp. 220–225; 1 Black on Judgments (2d ed.), p. 223 et seq.; 34 C. J. pp. 229, 235, 236. "All courts," says Mr. Freeman, in his work on Judgments (5th ed. vol. 1, p. 281), "have inherent power, independent of statute, to correct clerical errors at any time, and to make the judgment entry correspond with the judgment rendered."

██ But in our opinion the decree is not ambiguous as to the terms for support, maintenance, and education, and therefore afforded no basis for the court to construe it. The order of the court altered the decree in a substantial way by reducing the amount which respondent was required to pay for the support and maintenance of the minor children. As the time limit of the rule had expired when the motion and order were made, the change in the terms of the decree is against the plain prohibition of the rule, and therefore unauthorized.

The decree clearly requires respondent to pay to the appellant $100 per month for each of the children for their support and maintenance for the time specified, namely, in the boy's case until he shall become self-supporting, and as to the girl, until she shall marry. From this amount respondent is permitted to deduct any cost he may incur for their education. The order of the court changes these specific terms and requires the appellant to pay the respondent, out of the $100 per month which the court gives her for each child, the cost of its support and maintenance while in his custody during the vacation and other periods mentioned in the decree. While it may have been quite equitable to have placed such a provision in the decree in the first instance, its terms awarding the respondent the custody of the children during the lesser periods of the year while they are receiving their education do not justify the reading of such an exception into the main provisions for support and maintenance under the theory of construing the decree.

█ The only exception is for the cost of education. Education and support are unrelated subjects, and it is not to be presumed that the court in its decree intended

support to be considered as a part of the cost of education, and therefore to be deducted from the $100 per month when the children were in his custody.

Under the view we take of the decree, it is unnecessary to discuss the evidence adduced on the hearing of the motion in the court below.

The order appealed from is reversed, and the lower court is directed to enter an order denying respondent's motion.