COCKRELL et al. v. COCKRELL.—83 S. W. (2d) 281.

Eastern Section. February 16, 1935.

Petition for Certiorari denied by Supreme Court, June 10, 1935.

James H. Anderson and Joe Frassrand, both of Chattanooga, for plaintiffs in error.

Thompson & Ballard, of Chattanooga, for defendant in error.

AILOR, J. On March 23, 1934, Dorothy M. Cockrell, plaintiff in error here, filed her petition in the circuit court of Hamilton county for the purpose of seeking a modification of a former decree wherein she was granted an absolute divorce from defendant in error, the custody of a minor child, and alimony. The petition was filed by plaintiff on her own behalf, and as next friend of Grover L. Cockrell, Jr., and Charles Richard Cockrell; it being alleged that plaintiff was delivered of a second child soon after the entry of the divorce decree, and that the defendant was the father of said child.

The petition averred that the plaintiff had filed her original bill for divorce in the circuit court of Hamilton county, and that the same coming on for hearing on the 30th day of July, 1932, a decree

for an absolute divorce in her favor and against the defendant had been granted; that the decree retained jurisdiction of the cause and the parties for such other and further orders as might be deemed necessary from time to time. That subsequently to the entry of said decree for divorce, upon the incoming of a report of the clerks, an award was made by the court allowing the plaintiff all of the household goods owned by plaintiff and defendant, an allowance of $100 for attorneys' fees, and $700 alimony for the support of the minor child of defendant. That on December 5, 1932, a second child was born to the petitioner as the result of her intermarriage with the defendant, it having been named Charles Richard Cockrell.

It was alleged in the petition that while the defendant was in poor health at the time the decree for divorce was entered, and unable to work and earn any money, he had recovered his health and was able to work regularly; that he was a practicing optometrist with an office at Fort Payne, Ala., and also did practice in Tennessee. That the defendant had remarried since the granting of the divorce to petitioner, and that he and his present wife were living on Missionary Ridge, in an expensive and elaborately furnished home.

It was further alleged in the petition that petitioner, prior to her marriage, had been employed as a stenographer and bookkeeper, but that since her divorce she had been unable to command a salary of more than $10 per week, which was wholly insufficient to support her and the two minor children. She prayed that the decree formerly entered in the cause be so modified as to make suitable provision for the care and support of the two minor children of petitioner and defendant, for reasonable attorneys' fees, and for general relief.

Defendant filed his answer, setting out the proceedings in the original divorce proceedings more in detail. It averred that the decree for divorce was granted on July 30, 1930, in which the court held as follows: "It is therefore ordered, adjudged and decreed by the court that the issues of adultery charged by petitioner in her petition is hereby determined against the petitioner Dorothy M. Cockrell in favor of the defendant Grover L. Cockrell and the charges of cruel and inhuman treatment and attempt to take the life of petitioner are hereby determined in favor of petitioner Dorothy M. Cockrell, and the cross-petition is dismissed." It further set out that on October 22, 1932, upon the incoming of the clerk's report an order was entered providing for alimony, attorneys' fees etc. And that on December 29, 1932, an agreed order was entered as follows:

"It is ordered, adjudged and decreed by the court that the payment by defendant of all sums of money hereinabove set out will be a full and complete release, discharge and satisfaction of any

and all claims, interest, right or title, whether legal or equitable, which the complainant Dorothy M. Cockrell has or may have in and to any and all real estate owned by defendant Grover L. Cockrell, described or mentioned in the proceedings and decrees in this cause, and in and to any and all real estate owned by said defendant.''

It was denied that the cause was retained on the docket or within the jurisdiction of the court by the entry of the final decree, but insisted that the decree adjudicating alimony to be the final decree. And it was denied that the court had any jurisdiction to further change said decree; that the case had been fully heard and disposed of.

Upon the trial of the cause, the circuit judge was of opinion that the court had lost jurisdiction of the case by the entry of the order fixing alimony without a specific reservation retaining the case on the docket for further orders, and accordingly dismissed the petition. This action is before us for review.

Certain portions of the divorce decree are material to the investigation before us, and they will be noticed. The first part of the decree material at this time is as follows:

''It is further ordered, adjudged and decreed by the court that the temporary custody of the minor child of said parties, namely, Grover L. Cockrell, Jr., be and the same is hereby decreed to petitioner, Dorothy M. Cockrell. However, she will not be permitted to take said child from the jurisdiction of this court without the consent of said court. The defendant, Grover L. Cockrell, will be permitted to see said child at all reasonable times. . . .''

''It is further ordered, adjudged and decreed by the court that this cause be referred to the Clerk of this court, who will take proof and report instanter (1) the amount and value of any property belonging to petitioner, Dorothy M. Cockrell; (2) the amount, value and description of any property belonging to defendant, Grover L. Cockrell, and what, if any, incumbrances against said property, and when the same are due. The question of alimony and attorneys' fees and all other questions are hereby reserved until the incoming of said report. . . .

''This cause will be retained in court for such other and further orders as the court may deem necessary from time to time.''

The order on the clerk's report was entered on October 22, 1932, and it dealt exclusively with the question of payment of attorneys' fees and alimony. No attempt was made in that decree to retain the case in court, and it is upon the failure to so do that defendant insists that the court lost jurisdiction to entertain the petition in this cause.

It is apparent from the record in the cause that neither the petitioner nor the defendant or his attorneys considered this to be

the case when the order was entered, for the reason that on December 29, 1932, long after the order in question had been entered more than thirty days, an agreed order was entered in the cause. This order was of vital concern to the defendant, and could not have been an inadvertence. And as late as March 10, 1933, defendant still considered that the court had retained jurisdiction of the case, for on that date he entered a motion requesting that the amount of the monthly payments of alimony be reduced. This motion was supported by a sworn statement of defendant, and it likewise could not have been an inadvertence. So it will be seen that the defendant and his attorneys interpreted the decrees as a retention of the cause upon the docket of the court for future modification or change. However, this would only be a circumstance, and would not be sufficient to give the court jurisdiction, if jurisdiction had not been retained. It is too well settled to require citation of authority that jurisdiction cannot be conferred by consent of the parties.

It will be observed that the petitioner was granted the temporary custody of the child then born, manifesting an intention, as we think, that the court would retain jurisdiction of the case so far as the future welfare of this particular child was concerned. The court having taken jurisdiction of the custody of this minor child, and having assumed responsibility for its welfare, cannot be presumed to have lightly divested itself of this jurisdiction or relieved itself of this grave responsibility.

It is insisted on behalf of the defendant that the decree awarding petitioner a divorce and temporary custody of the minor child in this cause was an interlocutory decree, and that the provision in same retaining the case for the modification of same from time to time was abrogated by the entry of the decree confirming the clerk's report as to alimony without a further specific retention of jurisdiction of the case; while, on the other hand, it is insisted by the petitioner that the specific retention of the case on the docket of the court as provided in the decree for divorce was not vacated by the entry of the decree confirming the report of the clerk.

█ The real question for determination is the effect of the decree granting the petitioner a divorce. This decree, in addition to granting an absolute divorce, adjudicated the costs of the cause, and was retained in court for further orders on alimony and support allowances. It is true that, generally speaking, a final decree is one that decides and disposes of the whole merits of the cause, and reserves on its face no further questions or directions, for the future judgment of the court. Pond v. Trigg, 5 Heisk., 532, 539.

█ And it is also true as a general principle that a decree which determines the principles involved in the controversy, and orders

an account or a sale, or a partition, is not a final decree. Gibson v. Widener, 85 Tenn. (1 Pickle), 16, 1 S. W., 497.

However, it will be observed that these rules apply to cases where property rights are involved. In the instant case we have an entirely different situation. Suppose that the decree in the case before us had granted an absolute divorce, had taxed the costs, and in addition thereto had awarded the alimony in an amount sufficient to consume all of the tangible property of the defendant, but had ordered a reference for that purpose of trying to locate more assets to give her. Could it be said that the defendant would be without recourse by appeal to correct an erroneous decree for divorce upon which the rights of the parties rested? The legal rights of the parties were determined by the entry of the divorce decree. The claim to alimony is purely a discretionary matter. It is true that in this state it is a statutory remedy, but the amount to be awarded is within the sound discretion of the court trying the cause. We think that the allowance of alimony is in the same class as the taxation of costs of a cause; that it is an incident to the merits of the case, and not such a controlling element of the cause as to determine the question of finality of the decree.

"In settling the question as to whether a given decree is final, the decision as to costs does not enter as an element; it is the decision as to the merits that determines. If the entire merits are disposed of, the decree is final; otherwise not." Mengle Box Co. v. Lauderdale County, 144 Tenn., 266, 230 S. W., 963, 965.

We think that the decree granting a divorce was final in the sense that its provisions were controlling as to whether or not the case was to be retained within the jurisdiction of the court for further orders. And that the provision so retaining the case in court was not vacated by the entry of the decree relative to the amount of alimony. We think that the entry of the decree for alimony was within the contemplation of the provisions of the final decree for making changes from time to time, and that said provisions were sufficient to effectively retain jurisdiction of the parties for future orders.

It results that the decree of the circuit court will be reversed, and the cause remanded to the circuit court of Hamilton county for further proceedings in conformity with this opinion.