ALVERTON H. ASELTINE, PETITIONER, *v.* SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, DEPARTMENT NUMBER ONE, THOMAS F. MORAN, JUDGE, RESPONDENT.

No. 3168

December 3, 1936.          62 P. (2d) 701.

270

*C. R. Pugh,* for Petitioner:

*Ayres, Gardiner & Pike,* Amicus Curiæ, for Respondent:

## OPINION

By the Court, COLEMAN, J.:

This is an original proceeding in mandamus growing out of the following situation:

In September 1930, Anna Mae Aseltine hereinafter referred to as the plaintiff brought a suit for a divorce against Alverton H. Aseltine, the petitioner herein, in the above-named respondent court, the complaint alleging as a ground for divorce extreme cruelty. An answer was filed to the complaint, denying these allegations. Upon the conclusion of the taking of evidence in said suit, the court entered a decree in favor of the plaintiff, dissolving the bonds of matrimony. Prior to the entry of the said decree, the parties to said suit had entered into an agreement as to the disposition of certain life insurance policies and other property. In said agreement it was stipulated that petitioner should deposit in a bank to the credit of the plaintiff, on the first of each month, the sum of $225, so long as his salary should remain at the then existing figure. It was further agreed that the agreement mentioned should be embodied in and be made a part of any judgment or decree of divorce that might thereafter be entered. Said agreement further provides: "In the event the salary of the husband is reduced the allowance of the wife will then be reduced in the same ratio as the salary has been reduced below the present salary."

Thereafter the respondent court entered its decree, which reads in part as follows: "It is further ordered, adjudged and decreed that the property settlement

agreement heretofore entered into between the parties hereto, a copy of which agreement is hereto attached, is hereby approved and made a part of this Judgment and Decree and the Court does hereby order that said Defendant pay to Plaintiff the sum of Two Hundred Twenty-five ($225.00) Dollars per month pursuant to the terms of said agreement and as therein provided."

The petition herein, in addition to alleging the foregoing facts, further shows that, upon notice duly given, the petitioner moved the respondent court to modify the judgment and decree, hereinabove mentioned, upon the ground, among others, that he had sustained severe financial losses, and has sustained a reduction of over 20 percent in his salary since the rendition of the judgment and decree herein.

The plaintiff objected to the granting of the motion, upon the ground, among others, that the court was without jurisdiction to modify the judgment and decree in question. The court sustained this contention upon two theories: First, because the decree sought to be modified does not reserve to the court any power to modify, and, second, because more than six months had elapsed between the entry of the decree and the date of the application to modify.

We are of the opinion that the respondent court was in error as to both views.

It is seen from the quotation from the decree, above set forth, that the agreement entered into by the plaintiff and the petitioner was, by reference, expressly made a part of the judgment and decree. This being clear, the next question is, what interpretation should be placed upon the provision in the decree providing that, in the event the salary of the petitioner is reduced, the allowance to the plaintiff will be reduced in the same ratio? In other words, was it the intention that the judgment and decree might be modified in accordance with the provision relative to a reduction of the allowance to the plaintiff?

■■ The correct rule is stated in 34 C. J. 501, 502, as follows: "The legal operation and effect of a judgment must be ascertained by a construction and interpretation of it. This presents a question of law for the court. Judgments must be construed as a whole, and so as to give effect to every word and part. The entire judgment roll may be looked to for the purpose of interpretation. Necessary legal implications are included although not expressed in terms, but the adjudication does not extend beyond what the language used fairly warrants. The legal effect, rather than the mere language used, governs. In cases of ambiguity or doubt, the entire record may be examined and considered. Judgments are to have a reasonable intendment. Where a judgment is susceptible of two interpretations, that one will be adopted which renders it the more reasonable, effective and conclusive, and which makes the judgment harmonize with the facts and law of the case and be such as ought to have been rendered. * * *'"

Black on Judgments (2d ed.) at section 3 reads in part: "It remains to be stated that, in case of ambiguity, a judgment should be construed with reference to the pleadings, and when it admits of two constructions, that one will be adopted which is consonant with the judgment which should have been rendered on the facts and law of the case."

The supreme court of California, in Watson v. Lawson, 166 Cal. 235, 135 P. 961, 963, holds, construing a judgment, that, "if the language be in any degree uncertain, we may properly refer to the circumstances surrounding the making of the order or judgment, to the condition of the cause in which it was entered." The court then quotes with approval the above quotation from Black on Judgments.

In Houston Oil Co. v. Village Mills Co., 241 S. W. 122, 129, the supreme court of Texas, after stating the general rule as above, said: "We think the judgment does dispose of all the parties and issues. It does not

do so expressly in some of its parts, but it does do so, as we construe it, by necessary implication."

Applying these rules to the situation, it follows that we must reach the conclusion that it was the intention of the court in rendering the judgment and decree in question that the agreement of the parties should be given effect according to its intent and spirit. It was clearly the intention of the parties that the monthly· payments to the plaintiff by the petitioner should be reduced in case his salary should be reduced. In view of the fact that the court incorporated the agreement in its judgment and decree, it must be conclusively determined that it was the intention of the court that the intention of the parties, as expressed in the agreement, should be made effective. Such is the necessary implication. This can be done only by a modification of the judgment and decree, for, if they are not modified, the plaintiff has the legal right to enforce the decree as it stands, regardless of the fact that petitioner's salary may be greatly reduced.

The second ground urged for denying the application is that under district court rule No. XLV the decree could not be modified, because more than six months had elapsed since the entry of the decree and prior to the application for its modification. We held in Sweeney v. Sweeney, 42 Nev. 431, 179 P. 638, and in Dechert v. Dechert, 46 Nev. 140, 205 P. 593, that, when the right to modify a judgment and decree in a divorce suit, as to alimony, is reserved, such right might be exercised on proper showing. By the express terms of a decree reserving such right, it is not final as to alimony, and the great weight of authority, as well as reason and justice, is in favor of exercising the authority. Ruge v. Ruge, 97 Wash. 51, 165 P. 1063, L. R. A. 1917F, 721; 19 C. J., p. 270, note 12. See, also, Wells v. Wells, 230 Ala. 430, 161 So. 794; Bentley v. Calabrese, 155 Misc. 843, 280 N. Y. S. 454; Boehmer v. Boehmer, 259 Ky. 69, 82 S. W. (2d) 199; Cockrell v. Cockrell, 19 Tenn. App.

71, 83 S. W. (2d) 281; Capell v. Capell, 164 Va. 45, 178 S. E. 894.

For the reasons given, it is ordered that the peremp-tory writ issue as prayed for.

ON PETITION FOR REHEARING

February 9, 1937.

*Per Curiam:*

Rehearing denied.