**FULLER v. HELVERING, Com'r of Internal Revenue.**

**No. 129.**

Circuit Court of Appeals, Second Circuit.

June 30, 1939.

John C. Parsons, of Hartford, Conn. (Robinson, Robinson & Cole, Francis W. Cole, and James M. Carlisle, all of Hartford, Conn., of counsel), for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to Atty. Gen., for Helvering, Commissioner.

William D. Mitchell, of New York City, Harold B. Tanner, of Providence, R. I., and Rollin Browne, of New York City (Mitchell, Taylor, Capron & Marsh, of New York City, and Tillinghast, Collins & Tanner, of Providence, R. I., of counsel), amici curiæ.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

■■ This case differs from Helvering v. Leonard, 2 Cir., 105 F.2d 900, handed down herewith, only in that the divorce was granted in Nevada, and the trust was in full discharge of the husband's duty to support the wife. Under the law of Nevada a settlement of the kind here in question does not conclude the divorce court as to the wife's allowance, but the allowance once made is final (Sweeney v. Sweeney, 42 Nev. 431, 179 P. 638) unless the decree reserves power to the divorce court to modify it. Lewis v. Lewis, 53 Nev. 398, 2 P.2d

904

131; Aseltine v. Second Judicial District Court, 57 Nev. 269, 62 P.2d 701. The decree of divorce contained no such reservation in the case at bar, and the settlement was a final discharge. The income from the trust was therefore taxable only to the wife.

Order reversed; deficiencies expunged.