VIRGINIA E. SCHNEIDER, Petitioner, v. SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Washoe Et Al., Respondents.

No. 3468

January 25, 1947. 176 P. 2d 797.

*Platt & Sinai,* of Reno, and *George I. Davor,* for Petitioner.

*Charles M. Merrill* and *Leslie B. Gray,* both of Reno, for Respondents.

## OPINION

By the Court, BROWN, District Judge:

This matter is an original proceeding in mandamus to command the Second judicial district court of the State of Nevada, in and for the county of Washoe, and Honorable A. J. Maestretti, judge of department No. 2 thereof, to assume jurisdiction and hear the petitioner's motion to modify the decree of divorce made and entered on the

12th day of April, A. D. 1943, in an action entitled Clare McD. Schneider, plaintiff, versus J. Walter Schneider, defendant, No. 75042, in said department of said court.

The pertinent facts for the determination of the question now before the court are as follows:

In addition to the decree granting a divorce to Clare McD. Schneider, the plaintiff, on April 12, 1943, as above stated, the judgment also provided as follows:

"It is further ordered, adjudged, and decreed, that said agreement entered into by the plaintiff and the defendant under date of February 19, 1943, a copy of which was introduced in evidence in this case and marked 'Plaintiff's Exhibit A,' be, and the same is hereby approved and adopted by the Court; that the custody of Mary Constance Schneider, Clare Angela Schneider, Janet Schneider and J. Walter Schneider, Jr., the minor children of the parties, be and the same hereby is awarded in accordance with the terms thereof; and that said parties be, and they are hereby ordered and directed to comply therewith and to execute the terms thereof."

The agreement between the parties dated February 19, 1943, which was approved and adopted by the court, provided partially as follows:

"This Agreement made this 19th day of February, 1943, by and between Clare McD. Schneider, first party and J. Walter Schneider, second party, witnesseth:

"The parties were married April 25, 1928, and since that time have been and are now wife and husband. There are four children the issue of said marriage whose names and ages are: Mary Constance, age 14 years; Clare Angela, age 11 years; Janet, age 8 years; J. Walter, Jr., age 6 years. The parties separated in or about the month of December, 1939, and since that time have lived separate and apart. They now desire and intend hereby permanently to settle all property and financial affairs between themselves and to provide for the custody and the care, support and education of said minor children, all as hereinafter set out.

"Now, therefore, in consideration of the premises and the mutual promises herein contained, it is agreed as follows:

(Paragraphs 1, 2, 3, and 4)    *    *    *

"5. Second party shall pay to first party monthly, commencing on the first day of February, 1943, the sums of money as follows:

"(a) For the care, support and maintenance of first party, the sum of six hundred ($600.00) dollars per month during her lifetime; provided, however, in the event of her remarriage, such payments shall forthwith cease.

"(b) For the care, support, maintenance and education of said four minor children, the sum of four hundred ($400.00) dollars per month, being the sum of one hundred ($100.00) dollars for each of said children, during their minority or until they may marry prior thereto; provided, however, when and as each of said children attains majority, or marries prior thereto, then, said payments as to such child shall forthwith cease, and in the event of the prior death of any one of said children, then, said payments as to such deceased child shall forthwith cease.

"(c) Said payments in this paragraph provided are conditioned upon the fact that second party's present annual earned income, after payment of federal and state income taxes, is in excess of twenty-five thousand ($25,000.00) dollars per year. In the event his said income becomes substantially reduced, then, said payments shall be reduced proportionately during the period of any such reduction of his said income; provided, however, in the event his said income shall be reduced below the sum of twenty thousand ($20,000.00) dollars per year, then, the reduction of said payments, as to the portion of his earnings less than said sum of twenty thousand ($20,000.00) dollars, shall be reasonable under the circumstances rather than arbitrarily proportionate thereto; and in the event the parties shall fail to agree as to such reduction, then, the matter shall be settled

by arbitration before a judge of the Superior Court, or other suitable arbitrator, mutually selected by the parties, and the decision of such arbitrator shall be conclusive and binding upon the parties with the same force and effect as a judgment of the Superior Court.

"(d) Said payments are likewise conditioned upon the fact that second party remains alive. In the event of his prior death, then, all payments provided in subparagraph (a) above to be made for the benefit of first party shall forthwith cease, the insurance hereinafter provided being accepted by her in lieu thereof, but the payments provided in sub-paragraph (b) above to be made for the benefit of the children shall continue as a claim against his estate unless and until he shall have made equally adequate provision by will, trust or otherwise for their said care, support, maintenance, and education.  *  *  *"

The defendant in said action, J. Walter Schneider, who was the former husband of the plaintiff, Clara McD. Schneider, and the father of the four minor children, made the payments monthly for the support of the children, together with the $600 monthly payments for the support of his former wife, up to and including the time of his death on December 14, 1944.

On November 30, 1935, the mother of said defendant, J. Walter Schneider, created a trust in which the said defendant, J. Walter Schneider, was a beneficiary during his lifetime, and upon his death his four minor children succeeded to his beneficial rights under the trust, and ever since his death, and now are, receiving the sum of $300 per month.

On April 13, 1943, the petitioner in this proceeding, Virginia E. Schneider, and J. Walter Schneider, said defendant, became husband and wife and were such up until the time of his death, at which time both were residents of and domiciled in Los Angeles, California. The petitioner was appointed administratrix of the estate of J. Walter Schneider, deceased, on January 12, 1945, by an order duly made and entered by the superior

court of the State of California in and for the county of Los Angeles. She thereafter, and on the same day, qualified as such administratrix and now is the duly appointed, qualified, and acting administratrix of said estate.

On the 7th day of June, 1945, said plaintiff, Clare McD. Schneider, duly presented to the petitioner, as administratrix of the said estate, five several verified claims, one in her individual capacity in the sum of $1,661.78, and four in her capacity as guardian of the estates of the said four minor children in the total sum of $44,100. These claims have been neither rejected nor allowed, pending disposition of the proceedings in the district court.

By an order duly made by the judge of said department No. 2 of said court on January 21, 1946, the petitioner, in her capacity as administratrix of the estate of J. Walter Schneider, deceased, was substituted as party defendant for J. Walter Schneider in action No. 75042, hereinabove referred to. On the same day the petitioner filed in said court and cause a notice of motion supported by an affidavit, for a modification of said decree of divorce made on April 12, 1943. The proposed modification reads as follows:

"It is further ordered, adjudged, and decreed, that said agreement entered into between plaintiff and defendant under date of February, 1943, a copy of which was introduced in evidence in this case, and marked 'Plaintiff's Exhibit A,' be, and the same is hereby approved and adopted by the Court, except as hereinafter provided; the custody of Mary Constance Schneider, Clare Angela Schneider, Janet Schneider, and J. Walter Schneider, Jr., the minor children of the parties, be, and the same hereby is awarded in accordance with the terms thereof, and that said parties be, and they are hereby ordered and directed to comply therewith and to execute the terms thereof, except as hereinafter provided.

"It is further ordered, adjudged and decreed that pursuant to notice of motion, duly noticed, heard and submitted, it appears that the above named defendant, J. Walter Schneider, died on the 14th day of December, 1944, and that his surviving widow, Virginia E. Schneider, is the duly appointed, acting, and qualified administratrix of his estate, and as such administratrix has been properly and regularly substituted for said defendant as the moving party herein; and it further appearing that the said defendant up to the time of his death had fully and faithfully complied with the order and decree of the court heretofore entered, and has paid to the said plaintiff up to the time of his death the sum of $400.00 per month for the maintenance and support of the minor children of the parties; and it further appearing that because and on account of the death of said defendant, the said plaintiff ever since has been, and now is, receiving for the maintenance and support of said minor children, from and out of a trust in which said children are beneficiaries, and each of them is a beneficiary, the sum of $300.00 per month; and it further appearing that the said plaintiff, in her capacity as guardian of the estates of said minor children, has filed claims against the estate of the said defendant, based upon the decree of divorce, and the agreement approved thereby, in the aggregate sum of $44,100.00, although as said guardian she has been receiving the sum of $300.00 per month, as aforesaid, for the maintenance and support of said children; and it further appearing that should said claims be allowed said estate will become insolvent, and the surviving widow of said decedent will be left substantially penniless and destitute, and the Court being duly advised, and good cause appearing therefor,

"It is further ordered, adjudged and decreed that subdivision (b), paragraph 5 of the agreement between the parties and approved by the Court in its said Decree of Divorce, be, and the same hereby is disapproved, and

that there be substituted, and there is hereby substituted therefor, the following:

"For the care, support, maintenance and education of said four minor children, the sum of $100.00 a month, being the sum of $25.00 per month for each of said children, during their minority or until they may marry prior thereto; provided, however, when and as each of said children attains majority, or marries prior thereto, then said payments as to such child shall forthwith cease, and in the event of the prior death of any one of said children, then, said payments as to such deceased child shall forthwith cease.

"It is further ordered, adjudged and decreed that this Modified Decree shall take effect and be in full force and effect as and from the date of the death of the said defendant, to-wit, as and from December 14, 1944."

The plaintiff in said action, Clare McD. Schneider, thereafter and on the 16th day of April, 1946, filed her affidavit in opposition to the petitioner's motion to modify said decree of divorce. Thereafter, and on the 19th day of April, 1946, said motion to modify was duly made, and came on for hearing before the respondent Court and the Honorable A. J. Maestretti, judge of department two thereof and after argument and submission the court denied said motion upon the sole and only ground that the court had no jurisdiction under the provisions of the Nevada statute. The proceedings were dismissed and this petition for a writ of mandamus followed.

In applying for a writ of mandamus the petitioner relies principally upon the case of Aseltine v. Second Judicial District Court, 57 Nev. 269, 62 P.2d 701, as authority for this Court to grant the writ.

■ This court has on many occasions in the past laid down the settled rule of law in this state that unless the district court reserves jurisdiction for the purpose of later modifying or changing the decree in regard to the allowance for the support, maintenance, and education

of a minor child or children, or alimony for the support of the wife, either in the decree itself, or by agreement between the parties to the action, which agreement is approved, ratified, and confirmed by the court and made a part of the decree, then the district court has no jurisdiction to modify, alter or change the original decree, except under the provisions of rule XLV of the district court. Sweeney v. Sweeney, 42 Nev. 431, 179 P. 638; Dechert v. Dechert, 46 Nev. 140, 205 P. 593; Lindsay v. Lindsay, 52 Nev. 26, 280 P. 95, 67 A.L.R. 824; Lewis v. Lewis, 53 Nev. 398, 2 P.2d 131; State ex rel. Jones v. Second Judicial District Court, 59 Nev. 460, 96 P.2d 1096, 98 P.2d 342; Lauer et al. v. Eighth Judicial District Court, 62 Nev. 78, 140 P.2d 953.

■ There is no contention in the present case that application to modify the decree was ever made under the provisions of rule XLV of the district court. Further, the court did not expressly reserve jurisdiction in the decree itself and there is no provision in the agreement showing intent of the parties that the court should retain jurisdiction of the matter to later modify or change the decree.

The petitioner contends that the facts in the Aseltine case are analogous to the facts in this state, and, therefore, it was the intention of the court that jurisdiction be reserved by implication.

In the Aseltine case the court came to the conclusion that the district court reserved jurisdiction by implication in order that the intention of the parties as expressed in the agreement should be made effective.

This case presents a different situation. The agreement which was approved and adopted by the court and made a part of the decree expressly provides in part as follows:

"* * * and in the event the parties shall fail to agree as to such reduction then the matter shall be settled by arbitration before a judge of the Superior Court, or other suitable arbitrator, mutually selected by the

parties, and the decision of such arbitrator shall be conclusive and binding upon the parties with the same force and effect as a judgment of the Superior Court."

The intention of the parties as expressed in the agreement itself manifests a determination on their part that the Nevada Court should not have anything further to say or do in regard to the matter of arbitration. If such was not their intention, then why did they designate a judge of the superior court of California as an arbitrator in the event the parties fail to agree as to a reduction in the payments?

· The most serious question presented by petitioner arises from the trust created by Mr. Schneider's mother, and paragraph 5(d) of the agreement of February 19, 1943. Regarding this matter, petitioner's counsel states her position as follows: "The accompanying affidavits by both parties, made part of this record, establish that during the lifetime of the deceased husband he was a beneficiary under a trust created by his mother, and that upon his death his children succeeded to his beneficial rights under the trust, and ever since his death, and now are, receiving the sum of $300 per month. The only possible escape from the effect of this exception would be the contention that he did not personally create the trust. But in the interest of fair dealing and reasonable interpretation, may it not be rationally concluded that it was his main intention that his children should be supported to the extent of $400 per month, and that if they received from a trust the sum of $300 per month, his estate should only be bound by the difference, or $100 a month? Further, by his own death did he not accomplish the same objective, as though he created the trust himself, and in practical effect, should not this clause of the agreement be construed as though he did create it? From a reading of the entire agreement, it is difficult to believe that he intended that the children be supported to the extent of $700 per month instead of $400, and that his estate should be rendered insolvent in order to pay this unintended amount."

The trust created by decedent's mother is dated November 30, 1935. This is more than seven years before the agreement entered into by and between decedent and his first wife on February 19, 1943. There is no uncertainty or ambiguity in either the trust of November 30, 1935, or paragraph 5 (d) of the agreement of February 19, 1943. The provision in paragraph 5 (d) of the 1943 agreement makes no reference whatever to the trust of November 30, 1935. There is nothing in the 1943 agreement nor in the divorce decree from which it can be inferred that it was the intention either of the court or of the parties that jurisdiction was reserved, or to be reserved, to modify the decree with respect to the support of the children.

■ We must keep in mind the distinction between the matter of enforcement of a judgment and decree, and the necessity of modification, alteration or change of a judgment and decree in order to make enforcement of it possible. In the instant case the decree may be enforced in its entirety and consistent with the intention of the parties without any necessity for a modification, alteration, or change.

Applying the same rules used by this court in the Aseltine case to the present case, there is no ambiguity or uncertainty in the decree made on April 12, 1943, which adopted and approved the agreement. Therefore, there should be no implication of an intention to reserve jurisdiction to later modify or change the decree.

■ It is true that the law in this state under section 9462, N.C.L.1929, gives the district court continuing jurisdiction to modify or change a decree of divorce with reference to the custody of minor children. State ex rel. Jones v. Second Judicial District Court, 59 Nev. 460, 96 P.2d 1096, 98 P.2d 342; State ex rel. Groves v. First Judicial District Court, 61 Nev. 269, 125 P.2d 723. However, unless jurisdiction is reserved by the court in the original decree or by agreement between the parties and made a part of the decree, with reference to support of

the minor children or alimony for the wife, the court is without jurisdiction to modify or change the decree except under rule XLV of the district court. This situation appears to be anomalous. Nevertheless, it is so provided by statute and has been settled as the law by the decision of this court on numerous occasions.

The only remedy for this unfortunate state of the law lies entirely with the legislature by the enactment of a provision similar to sections 138 and 139 of the civil code of California which provide that in regard to orders for the custody and support of the children the court "may at any time modify or vacate the same," and concerning orders for the permanent support of the wife and children "the court may from time to time modify its orders in these respects."

If such legislation were enacted in this state, the district courts would then have continuing jurisdiction not only regarding custody of minor children, but also in connection with matters of support, maintenance, and education of the minor children and alimony for the wife.

■ The district court being without jurisdiction to hear the motion to modify or change the original decree of divorce, the writ is denied.

HORSEY and TABER, JJ., concur.

DUCKER, J., being ill, the Governor appointed Hon. MERWYN H. BROWN, Judge of the Sixth Judicial District, to act in his place.