NORMAN H. PLEGER, APPELLANT, v.
BERNICE PLEGER, RESPONDENT.

No. 5223

June 27, 1967                                         429 P.2d 554

*Babcock & Sutton,* of Las Vegas, for Appellant.

*Paul L. Larsen,* of Las Vegas, for Respondent.

## **O P I N I O N**

*Per·Curiam:*

The main issue on this appeal is whether the lower court erred in denying appellant's motion to modify the alimony provision of a divorce decree pursuant to NRS 125.170(1) on the grounds of extrinsic fraud.

Appellant contends that extrinsic fraud occurred when respondent, prior to appellant's agreeing to pay $125.00 per month alimony, failed to disclose her separate property holdings. To the contrary, respondent denies such fraud on the ground that the record discloses substantial evidence that appellant had sufficient knowledge of respondent's true financial position prior to the agreement. We perceive no error.

The lower court expressly retained jurisdiction to modify the alimony payments. Subsequently, appellant took advantage of this retention of jurisdiction by making a motion pursuant to NRS 125.170(1). The appellant's procedural difficulty arose when he based his motion on the ground of extrinsic fraud. Such an allegation is incompatible with the remedy provided for in NRS 125.170(1). This court has for many years recognized that a decree of divorce may be annulled in an independent proceeding for extrinsic fraud. Colby v. Colby, 78 Nev. 150, 153, 369 P.2d 1019 (1962). However, we have also recognized that when a judgment is sought to be affected by a NRS 125.170(1) motion, the court may modify it upon a proper showing of changed circumstances, yet may not enter a different decree. Dechert v. Dechert, 46 Nev. 140, 205 P. 593 (1922). Since appellant's motion to modify the alimony decree is based upon extrinsic fraud and thus requires a different decree, we hold that it was not error for the trial court to deny appellant's motion.

Had appellant adopted the proper procedure of attacking the decree for extrinsic fraud and assuming, without ruling, that a nondisclosure of one's assets constitutes extrinsic fraud, we find that the record amply supports a finding by the trial

court that appellant had sufficient knowledge of the respondent's separate property prior to his agreeing to the alimony payments, thus vitiating the allegation of fraud.

Affirmed.