## SALLY–HELEN SHERRY ENGLE, Appellant v. CARL JEAN ENGLE, Respondent.

No. 3447

December 28, 1945.                    164 P. 2d 750.

*Julian Thruston*, of Las Vegas, for Appellant.

No appearance for respondent.

## OPINION

By the Court, DUCKER, J.:

On May 31, 1944, in the Eighth judicial district court

of Clark County, the said Sally-Helen Sherry Engle was awarded on her complaint a decree of divorce from the said Carl Jean Engle. The decree contained the following provisions:

"It is further ordered that the exclusive care, custody and control of the minor child of the parties hereto, namely, Sherry Jean Engle, a daughter, of the approximate age of 2½ years, be, and it hereby is, awarded to plaintiff, with the defendant to have the right to see and visit with said minor child at all reasonable times. The court hereby expressly reserves and retains jurisdiction over the said minor child and may alter, change or modify this order in connection therewith at any time between the date hereof and the arrival of said child at the age of majority."

A motion made by the plaintiff for an order of the court changing and modifying the said decree to provide that said defendant pay to her a reasonable amount of money, to be used by her for the care, support and education of said minor child, came on for hearing on the 10th day of September 1945. The motion was denied by the court on the ground that the decree did not reserve and retain jurisdiction in the court to modify it so as to provide for the support of said minor child, and more than six months had expired from the date of the decree. Hence this appeal by the plaintiff. We will continue to refer to the parties as plaintiff and defendant.

District court rule XLV, which the latter asserted on the hearing of the motion deprived the court of jurisdiction, reads:

"No judgment, order, or other judicial act or proceeding, shall be vacated, amended, modified, or corrected by the court or judge rendering, making, or ordering the same, unless the party desiring such vacation, amendment, modification, or correction shall give notice to the adverse party of a motion therefor, within six months after such judgment was rendered, order made, or action or proceeding taken."

Plaintiff contends (a) that if no reservation had been

made in the divorce decree to provide for the support of the child by defendant, the court nevertheless had jurisdiction to so amend it at any time during the minority of the child, and (b) if the court was not so empowered the reservation in the decree concerning the child must be construed as one including child support.

As to the first branch of the contention, the rule is well established to the contrary. Sweeney v. Sweeney, 42 Nev. 431, 179 P. 638; Dechert v. Dechert, 46 Nev. 140, 205 P. 593; Aseltine v. District Court, 57 Nev. 269, 62 P. 2d 701. But we need not elaborate as the second branch of appellant's contention must be allowed. We think the lower court's construction of the decree was too narrow and that the reservation is broad enough to include child support. The court expressly reserved jurisdiction over the minor child and power to alter, change or modify the order in connection therewith at any time before the child reached the age of majority. It could have been more explicit as to child support, but it should be given a reasonable intendment bearing in mind the nature of the action. We must presume that the judicial mind was concerned for the welfare of the child, which included adequate support as well as proper care, custody and control. Such support by the mother may have been sufficient in the opinion of the court at the time of the rendition of the decree when the child was young (2½ years) but that this condition would continue during all the years of its minority, could not be foreseen. For these reasons a reservation for child support should have been made in the decree and would have been consistent with the pleadings. So, even though the reservation be capable of two constructions, that one should be adopted that is consonant with the judgment and should have been rendered on the facts and law of the case. 34 C. J. 502. The above rule seems to be the most applicable in view of the wording of the decree and the nature of the case.

The order of the court denying plaintiff's motion for an order changing and modifying the decree so as to

provide that said defendant pay her a reasonable amount of money to be used by her for the care, support and education of said minor child, is reversed and the case is remanded to the lower court for proceedings consistent with this opinion.