CHARLES W. SNOW vs. ALBERT P. GOULD and another.

York.    Opinion March 12, 1883.

*Evidence.   Privileged communications.   Divorce, an agreement between parties.   Practice.*

A client wrote to his counsel to commence a suit for divorce at an early day, so that his wife could have time to think the matter over, and perhaps consent to a private separation, and thereby avoid as much public scandal as possible. He also orally instructed his counsel to withdraw the libel, if a jury trial could not be avoided. In the trial of a suit between the counsel and client to determine the amount of compensation which the counsel should receive for services in obtaining a divorce, the counsel was allowed to put the written and oral instructions in evidence, to show the nature of the engagement and the services performed. *Held,* that the same should not have been excluded as confidential communications.

An agreement between parties to a divorce, declaring the terms upon which a divorce may be decreed, does not necessarily show connivance or collusion. Where no fraud is intended to be thereby practiced upon the court, and no facts are suppressed, such an agreement, although to be carefully looked into by the court, may be entirely unobjectionable.

Where a question arises as to the words of an interrogatory put to a witness, the judge, having not a personal recollection, and the counsel not agreeing about it, may adopt it as found in the court reporter's short hand notes.

ON EXCEPTIONS.

Assumpsit on account annexed for money had and received; viz: $1000, September 23, 1874, at Rockland, and interest, in all, $1345.33. The writ was dated June 28, 1880.

Plea, the general issue and brief statement that the money was received by defendants from plaintiff in payment and settlement for their services and disbursements in and about plaintiff's business in two divorce suits and matters and services pertaining thereto, covering a long period of time and involving great labor, skill, and responsibility.

The verdict was for the defendants.

Material facts stated in the opinion.

*C. W. Goddard*, for the plaintiff.

In reference to both letter and the admitted testimony of Mr. Gould, it is respectfully insisted that neither the law nor public policy nor the interests of the profession or of justice justify a learned counsellor in a suit touching his own professional services, to instruct or allow his attorney to assail vitally his former client's character and then follow up that accusation by the revelation of a confession made by that client to him under the seal of professional confidence and the protection of privilege.

Much less can he be permitted to evade the wholesome and immemorial safeguard which the law extends to clients by putting in evidence a letter to which his unlawful and excluded testimony has furnished a key which the mere dictum of the presiding judge "excluded" is powerless to banish from their mind.

Plaintiff's counsel has been unable to find a precedent for so dangerous an invasion of privilege. If the law really does warrant the proceedings practiced by the chief defendant in this case, privileged communications are a mockery, for our client's secrets are at our mercy whenever our fees are called in question.

The current of authorities is wholly in one direction.

"Communications made on the faith of that professional confidence which a client reposes in his counsel, attorney or solicitor, are not allowed to be revealed in a court of justice to the prejudice of the client." Phillips on Evidence, vol. 1, c. 7, § 1, and cases cited, (pp. 130-160, 10th Eng. edition ;) *McLellan* v. *Longfellow*, 32 Maine, 495 ; *Sargent* v. *Hampden*, 38 Maine, 584.

To plaintiff's counsel "the agreement" for a divorce appears unlawful, collusive, contrary to public policy and a fraud upon the court. R. S., c. 60, § 8. It was as follows :

"S. J. C. Knox County, December Term, 1873, Charles W. Snow, libellant, *v.* Olinda A. Snow, Olinda A. Snow, libellant, *v.* Charles W. Snow.

"Decree of divorce to be entered in Charles W. Snow, libellant, *v.* Olinda A. Snow, and further entry to be made that no right or claim of Olinda A. Snow, either to dower or alimony in the estate of the said libellant shall be in any way changed or prejudiced thereby, and libellant agrees to refer the determina-

tion of the amount of such dower and alimony to Judge Barrows, and to pay or set out such alimony and dower as may be awarded by him, after a hearing of all the evidence either party may wish to offer, and decree is to be entered accordingly in the aforesaid actions."

*A. P. Gould* and *J. E. Moore*, for the defendants, cited: *Hatton* v. *Robinson*, 14 Pick. 416; 1 Whart. Ev. § § 591, 587, 446; *Jeanes* v. *Friedenberg*, 3 Pa. Law Jour. 199; *Odlin* v. *Stetson*, 17 Maine, 244; *Eggleston* v. *Boardman*, 37 Mich. 14; *Smith* v. *Lyford*, 24 Maine, 147; *Weston* v. *Davis*, 24 Maine, 374; *Perry* v. *Lord*, 111 Mass. 504; *Pierce* v. *Parker*, 121 Mass. 403; *Aldrich* v. *Brown*, 103 Mass. 527; Abbott's Trial Ev. 378; *Harland* v. *Lilienthal*, 53 N. Y. 438; *McLellan* v. *Hayford*, 72 Maine, 410; *Stanton* v. *Embrey*, 93 U. S. 548; *Vilas* v. *Downer*, 21 Vt. 419.

PETERS, J.　The question was whether the defendant had or not overcharged the plaintiff for professional services in a suit for divorce.　To show what the plaintiff's instructions were and the services performed, the defendant, against plaintiff's objection, was allowed to read to the jury the following letter written to the defendant by the plaintiff: "As I have not yet heard from you, I presume you have not commenced proceedings, which I wish you to do at your earliest convenience.　My object is to give her (his wife) a plenty of time to think over the matter, so that she may consent to a mutual, quiet separation, and the affair may make as little public scandal as possible."　The defendant was also allowed, against objection, to testify as follows: "He (plaintiff) instructed me, if I could not avoid a jury trial, to withdraw the libel.　This was after I had made known to him the interview I had with counsel on the other side."　The objection is that the admitted evidence consisted of professional and confidential communications between client and counsel.

The defendant contends that the rule, invoked by the plaintiff, does not apply where the litigation is not with a stranger, but is between the attorney and client themselves.　We do not deem it necessary to decide this latter question, inasmuch as we are of

opinion that the evidence was admissible irrespectively of any such distinction.

All that a client says to his attorney is not to be rejected as privileged communication. The privilege does not extend to extraneous or impertinent communications. It does not reach cases where the matter is not of a private nature. Nor where the "attorney was directed to plead the facts to which he is called to testify." And privileged communications may lose their privileged character by the lapse of time. That which may be private at a time may not be private at an after-time. Directions to an attorney to make a certain contract are a confidential communication before, but not after, the contract is made. A solicitor cannot be compelled to disclose the contents of an answer in equity before it is filed, but may be afterwards. There are numerous examples of these principles in the books. Bouv. Dic. Con. Com.; 1 Green. Ev. § 244; *Neal* v. *Patten*, 47 Ga. 73; *Nave* v. *Baird*, 12 Ind. 318. See, as bearing significantly upon this case, *Rochester City Bank* v. *Suydam*, 5 How. (N. Y.) Prac. 254.

The substance of the evidence objected to would seem to be this: Plaintiff writes to the defendant, instructing him to commence a suit at an early day, so that his wife would have time for reflection and perhaps allow a divorce without a public opposition to it. And the plaintiff orally instructs his counsel to withdraw the libel if a jury trial could not be avoided. It will be seen that this was mostly of the nature of instructions, and instructions that have been executed. No fact in the case is exposed. No secret is let loose. There is nothing in all of it that, at this day, can be prejudicial to the plaintiff. Such a letter might come decorously from any petitioner for divorce. It would not have been an improper paper to exhibit before the court. The oral evidence should be regarded as a private matter before divorce, but has not importance after the divorce. In the case under consideration, it was competent for the defendant to show the nature of his engagement and of the services performed. We do not see that the evidence exceeded these bounds. The counsel for the plaintiff complains that the evidence became injurious to his client by an adroit and improper use made of it

by the opposite counsel in their address to the jury. The remedy for any transgression such as is complained of, should be sought for at *nisi prius* and not here.

Plaintiff objects to the admission of a paper, signed by counsel upon both sides of the divorce suits, which stated the terms upon which a divorce might be decreed. The objection is that the paper shows a collusion between the parties to the suits for divorce and that public policy disallows such agreements. While public policy might not permit such an instrument to be used as evidence in the case for divorce, it does not necessarily follow that it would not be receivable in this case. Here it was introduced as a part of the *res gestæ* to prove the extent and kind of services performed. But it is not a necessary implication of the paper that the parties were conspiring to obtain a divorce. Each party filed a libel. Each party desired a divorce. The question of the most consequence related to allowances and alimony. . By the agreement that question was to be referred to a member of the court. An agreement of divorce is not necessarily collusion or connivance. It depends upon whether it is an attempt to obtain a divorce not justified by the real facts; whether it is intended to practice a fraud upon the court. Mr. Bishop deduces from the authorities this rule upon the subject: "An agreement between the parties, not involving an imposition upon the court or a suppression of facts, to facilitate the proofs and smooth the asperities of the litigation, is, though liable to be looked into by the court, not collusion or otherwise objectionable. It may be meritorious." 2 Bish. Mar. and Div. (6th ed.) § 28. Our own court has said as much. *Burnett* v. *Paine*, 62 Maine, 122; *Badger* v. *Hatch*, 71 Maine, 562.

In making up the bill of exceptions a difference arose between counsel as to the form of a question to a witness. The judge, having not a personal recollection, allowed it to be transcribed as found in the court reporter's short hand notes. No objection can lie to that. The answer was in part objectionable, but was not objected to.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.