ALINE M. LAUSIER, Appellant *vs.* LOUIS B. LAUSIER.

York.    Opinion May 24, 1924.

*When the parties are the same, but the cause of action is different, a prior judgment*
*only concludes the parties on issues actually tried in a prior action, and the*
*burden is on the party setting up the claim of res judicata of showing that*
*the same issue was involved in the prior proceedings and determined*
*on its merits.*

In the instant case it sufficiently appears from the evidence that in the divorce
proceedings the issue of the permanent impotency of the appellee was involved
and must have been decided against the appellant, and cannot now be urged
by her in these proceedings as a justification for her living apart from the
appellee.

There is no evidence that her failure to obtain a divorce on this ground was due
to any laches on her part in prosecuting her libel, and such a continuing offense
is not susceptible of condonation.

The evidence shows that the justification for her living apart from her husband
upon which the decree of the Supreme Court of Probate was based was per-
manent and incurable, and not a temporary or curable impotency.

While a temporary or curable impotency or abusive treatment, or habits, though
insufficient to furnish grounds for a divorce, might be sufficient under certain
circumstances to justify a wife living apart from her husband, the decree below
was clearly based on a ground which is now *res judicata* between the parties,
viz.: the permanent and incurable impotency of the appellee; but as there
are still issues raised by the reasons of appeal undecided, the case should go
back for further hearing by the Supreme Court of Probate.

On exceptions. A proceeding by petition by a husband for separ-
ation under Secs. 10-13 of Chap. 66 of the R. S., alleging that the
wife had lived apart from him for more than a year without just
cause, in the Probate Court where a decree was entered favorable
to the petitioner, which decree was reversed in the Supreme Court of
Probate on appeal, on the ground the wife had just cause for living
apart from her husband, based solely on her husband's impotency
or inability to consummate the marital relations.

The petitioner, the husband, excepted to this ruling on the ground that the wife, the appellant, having previously applied for a divorce for impotency which was denied, the issue of impotency became *res judicata.* Exceptions sustained.

The case is stated fully in the opinion.

*Francis W. Sullivan and Henry Cleaves Sullivan,* for appellant.

*Willard & Ford,* for appellee.

SITTING:   CORNISH, C. J., PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J.   This case originated in the Probate Court of York County on petition of the appellee for a judicial separation from the appellant under Secs. 10-13, Chap. 66, R. S.   The Judge of Probate after having found that the respondent in that court, Aline M. Lausier on August 13th, 1921, deserted the petitioner without just cause and had lived apart from him for more than one year prior to the filing of his petition, entered a decree in accordance with Section 11 of the above chapter.

From this decree the respondent appealed to the Supreme Court of Probate alleging in part as her reasons for appeal:   (1) That she did not desert her husband Louis B. Lausier without just cause, but because of his continuous and unfounded cruel and abusive treatment of her;   (2)   that said Louis B. Lausier was not deserted without just cause;   (3)   that said Louis B. Lausier has not lived apart from her for just cause for a period of at least a year prior to the filing of his petition.

The other reasons assigned are not valid reasons of appeal and need not be considered.

At the hearing before the Supreme Court of Probate the sitting Justice reversed the decree of the Judge of Probate, holding that the appellant had just cause for living apart from the appellee, and solely upon the ground of his impotency, expressly stating in his decree:   "The issue upon which I base my conclusions is whether the petitioner and appellee was able to consummate the marriage relations by having sexual intercourse with the appellant, his wife; she alleges (claims) that she left him on August 13th, 1921, because he was unable to accomplish that end."

To this decree and the rulings of law involved therein, the appellee excepted and the case is before this court on his exceptions.   The

real issue presented by the exceptions, is whether the appellant is now estopped from relying, and the Supreme Court of Probate erred in basing its decree, upon the alleged impotency of the appellee as a justification for her leaving his bed and board, the appellant having prior to the filing of the appellee's petition in the Probate Court brought a libel for divorce against the appellee, alleging as one of the grounds for divorce his impotency existing from the time of their marriage, upon which libel a divorce was denied.

It is a familiar rule of law that in a subsequent proceeding between the same parties for the same cause of action, both parties are concluded by a prior judgment not only upon all issues which were actually tried in the former proceedings, but also upon all which the record shows might have been tried. *Cromwell* v. *Sac Co.*, 94 U. S., 351.

Where, however, although the parties are the same, the cause of action or issue is different, a prior judgment is only conclusive upon such issues as were actually tried, and the burden is on the party setting up the judgment as an estoppel to show that the same issue was involved and determined on its merits in the prior proceeding. *Foye* v. *Patch*, 132 Mass., 110; *Russell* v. *Place*, 94 U. S., 606; *Cromwell* v. *Sac County*, supra; *Embden* v. *Lisherness*, 89 Maine, 581; *Smith* v. *Brunswick*, 80 Maine, 193.

The appellant contends that the issue in these proceedings is not necessarily the same as in the libel for divorce; that a curable or temporary impotency, or abusive treatment, or habits of intoxication which might not be sufficient to constitute grounds for divorce, might justify a wife in leaving her husband's bed and board. *Lyster* v. *Lyster*, 111 Mass., 327, 330; *Newman's Case*, 222 Mass., 563, 567.

The issue, however, presented by appellee's exceptions relates solely to the question of the husband's impotency. Although the appellant stated in her testimony that she left her husband in part because of his treatment of her and his habits, the decree of the Supreme Court of Probate rests solely on the impotency of the husband as a justification for her deserting him and living apart from him since August 13th, 1921. Either because he did not deem the evidence warranted it, or because he deemed it unnecessary, the Justice presiding in the Supreme Court of Probate made no finding as to alleged abuse by the husband, or his habits, but expressly based his decree upon his inability to consummate the marriage relations, which he refers to as "the vital issue in the case."

The appellee urges in support of his exceptions that, inasmuch as the appellant in her libel for divorce brought soon after she left her husband in August, 1921, when required to file specifications, finally relied upon cruel and abusive treatment, gross and confirmed habits of intoxication, and impotency which she described in her specifications as permanent and incurable and existing prior to the marriage, and her divorce being denied, she is now estopped from setting up this same inability to consummate the marriage relations as a justification for living apart from him since August 13, 1921.

In support of his contentions the appellee offered and the court received the record of the divorce proceedings which sustains the husband's contentions as to the grounds for divorce relied upon by the wife under her libel and specifications, his denial of each allegation, and a decree of the court in general terms denying the divorce.

Counsel for the appellant urges that the issue in these proceedings not being necessarily the same as upon the libel for divorce, *Lyster* v. *Lyster*, supra, that the burden was on the appellee to show that the issue here was tried out in the divorce proceedings on its merits and a copy of the entire evidence in the divorce proceedings should have been produced.

It does appear from the evidence before this court, however, that the impotency of the husband was one of the main grounds, if not the main ground relied upon for divorce, it even appearing that at the time of the hearing upon her libel that her husband submitted himself to an examination to determine his condition in this respect and by physicians called to testify in her behalf, who pronounced him normal.

It is also suggested that it does not appear that the decree of the court denying the divorce may not have been due to her laches in prosecuting her libel on this ground, or condonation of the offense. There is no suggestion of either in the evidence. From the evidence on her part, there could have been no adequate defense on the ground of laches. The law approves reasonable delay rather than haste in seeking separation on such a ground, especially where, as in this case, doubt existed in the libellant's own mind as to whether she herself might not be at fault.

Nor do we think such a fault may be condoned. Condonation implies forgiveness for past offenses not continuing ones; an overlooking in consideration of promises of better behavior in the future. 19 C. J., 83, 9 R. C. L., 379, Sec. 171; *Ryder* v. *Ryder*, 66 Vt., 158; *Hooe* v. *Hooe*, 122 Ky., 590; 5 L. R. A., N. S., 729 Note.

It is, therefore, clear that the Justice hearing the libel for divorce must have found that the libellant failed to show any permanent incurable impotency existing at the time of their marriage and that this finding necessarily entered into his decree and is *res judicata* between these parties in all proceedings between them involving the the same issue.

If the appellant has justified her separation in these proceedings because of a curable impotency, which the husband refused to have treated, but compelled her to submit to unnatural practices, and the decree had been put upon this ground, the appellant might not have been estopped by the decree in the divorce proceedings and the appellee's exceptions could not prevail.

The evidence in the case, however, clearly related to the same alleged inability to consummate the marriage relations that was urged as the grounds for her divorce, and the decree of the Supreme Court of Probate is solely based upon the same degree of impotency, existing from the time of marriage. The sitting Justice found no other facts upon which his decree can rest.

Impotency of this nature and continuance, having once been found wanting in the divorce proceedings, could not alone be made the justification for her living apart from her husband in proceedings by the husband for a judicial separation under the statutes of this State. *Civelle* v. *Civelle*, 22 Cal. App., 707; *Tillson* v. *Tillson*, 63 Vt., 411. We are, therefore, of the opinion that the exceptions must be sustained. The other issues raised by the reasons of appeal not being determined by the decree of the Supreme Court of Probate, the case will go back to that court for further hearing. *Rogers, Applt.,* 123 Maine, 459.

One other point, though not raised by appellant, deserves notice. The prayer on the appellee's original petition to the Probate Court appears to have been inappropriate upon proceedings initiated by the husband, in that it sought no other relief than that of having his wife prohibited from putting any restraint upon his liberty. The facts alleged in the petition, however, if proven, warranted the relief actually granted by the Probate Court in its decree. The defective prayer was not made the basis of the appeal; no objection has been raised to it at any stage of the proceedings; and we think it is not vital so long as the relief actually granted was appropriate upon the facts alleged in the petition and proven, and within the power of the

court granting it, a principle well recognized under statutory forms of pleading, 31 Cyc. 110; *Frick* v. *Frendenthal*, 90 N. Y., Suppl. 344; *Mark* v. *Murphy*, 76 Ind., 543, 547; *North Side Loan, etc., Soc.* v. *Nakielski*, 127 Wis., 539. At the proper time in the Probate Court objection might have been raised, but it is now too late; nor should this court *suo motu* take notice of such fault, it not being made the subject of objection by the appellant, and no jurisdictional facts being wanting in the petition.

*Exceptions sustained.*