GEORGE E. MCINTIRE *vs.* BERTHA L. MCINTIRE.

Penobscot County.  Decided August 22, 1931.  This is a petition for a partition of real estate under the statute. The petitioner alleges that he is the owner of an undivided third in a certain parcel of real estate of which the respondent owns the remaining two-thirds, that his interest in said property was acquired by reason of the fact that a divorce was granted to him by the Supreme Judicial Court at a term held at Skowhegan in the County of Somerset in September, 1922, and that, in accordance with the provisions of Sec. 10, Chap. 65, R. S. 1916, he thereby became entitled to one-third in common and undivided of this parcel of real estate then owned by her. The respondent sets up special matter in defense, the material part of which reads as follows:

"That prior to the decree of divorce between these parties as set out in this petition, they mutually entered into an agreement by and between themselves in settlement of their property affairs whereby said George E. McIntire agreed to· and

with the said Bertha L. McIntire to deed and convey to her by good and sufficient deed the premises described in his said petition to be in full settlement of their property affairs, and in pursuance of said agreement said George E. McIntire did, on the fifteenth day of March, A.D. 1921, deed and convey unto said Bertha L. McIntire the said premises by his deed of warranty recorded in Penobscot Registry of Deeds in Book 946, Page 335, here in Court to be produced."

The petitioner has demurred to this plea on the ground as stated in argument that it does not set forth a legal consideration for the promise of the petitioner to deed the real estate in question, and that it does not aver that the deed was accepted by the respondent in full settlement of their property rights. The trial court overruled this demurrer and the case is before us on an exception to this ruling.

The plea alleges in effect that the parties entered into an agreement for the adjustment of their property rights under the terms of which the conveyance of the real estate in question to the defendant was to be in full settlement, and that in pursuance of said agreement the deed was given. In our opinion such allegations are sufficient to constitute a defense. Exception overruled. *Crosby & Crosby*, for petitioner. *L. B. Waldron*, for defendant.