KATHERINE C. COE

*vs.*

MARTIN V. B. COE AND TRUSTEES

Cumberland.    February 17, 1950.

*James R. Desmond,* for plaintiff.

*Walter M. Tapley, Jr.,* for defendant.

SITTING:  MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

FELLOWS, J.    This case, brought by Katherine C. Coe of Boston, Massachusetts against Martin V. B. Coe of Portland, Maine, was heard by a referee and comes to the Law Court, from the Superior Court of Cumberland County, on

defendant's objections and exceptions to the acceptance of the referee's report. The report awarded damages to the plaintiff in the sum of $9,250.00.

The action is assumpsit, based on a written agreement for support which was executed in Reno, Nevada, and entered into between the plaintiff and defendant September 16, 1942 while husband and wife. The parties were divorced by decree of the First Judicial District Court of the State of Nevada on September 19, 1942.

According to the terms of the agreement on which this suit is brought, Martin V. B. Coe paid to Katherine C. Coe, at the time of the execution of the agreement, the sum of $7500.00, and agreed to pay "to the second party the sum of eighteen hundred twenty dollars ($1820.00) per year in equal weekly installments of thirty-five dollars ($35.00) on the first day of each and every week from and after the date hereof, during the life of the second party provided she remains unmarried." The agreement also provided for other matters, including the relinquishing of rights by each in the property of the other, and further stated that "all of the covenants herein contained shall remain in full force and effect whether the parties shall resume the marital relation and live together as man and wife, whether as now they live separate and apart, or whether either of the parties hereto be granted a decree of divorce, regardless of where such decree shall be obtained or upon what grounds the same shall be based; and in the event of such decree of divorce the terms of this agreement shall be presented to the Court with the request that the same be ratified, approved and confirmed by the Court."

The decree of the Nevada Court, on September 19, 1942, awarded judgment of divorce to Katherine C. Coe on "her answer and cross complaint" and further ordered "that the written agreement entered into by the plaintiff and defend-

ant herein on the 16th day of September, 1942, be, and the same is hereby ratified, approved and confirmed, and adopted by the Court as a part of its judgment herein, and each of the parties is hereby ordered and directed to comply with the terms thereof."

The objections filed by the defendant to the acceptance of the referee's report in the pending case were, in substance: (1) That the agreement was adopted by the Nevada Court as part of its judgment. (2) That the agreement became merged in the decree and "lost its legal effect as an agreement between the parties." (3) That because of the adoption and ratification of the agreement by the Nevada Court "it caused any action on the agreement, which is the basis of this action, to be Res Judicata." In other words, the defendant by his objections and exceptions, in effect, says that no action lies against him on the agreement because there is now a court decree which vacated the agreement, and any action should be on the decree. The record shows that this contention, that the agreement was a nullity, was the only defense offered by the defendant at the hearing before the referee. In the words of the defendant's counsel to the referee: "The defense in this matter, your Honor please, is that the action should not be brought upon the contract but upon the decree itself in that the contract was made a part of the decree by the Court and by agreement of parties."

The Supreme Court of the United States, in a case involving these same parties and this same decree, has decided that this decree of the Nevada Court is entitled to full faith and credit. *Martin V. B. Coe, Petitioner* v. *Katherine C. Coe,* 334 U. S., 378-384; 92 L. Ed., 1451; 68 S. Ct. 1094; 1 L. R. A. (2nd) 1376.

It is well established that a valid judgment or decree in a divorce case is conclusive in any future action between the

parties as to all facts directly in issue and actually or necessarily determined therein. *Lausier* v. *Lausier,* 123 Me. 530.; 124 Atl. 582; 27 C. J. S. 831 "Divorce", Section 174.

Agreements made upon the separation of a husband and wife for the purpose of making a division of property, or to make a provision for the support of the wife, are valid, provided the agreements are fairly made and in a manner not against public policy. There must not be collusion for procuring a divorce. *Stratton* v. *Stratton,* 77 Me. 373; *Greenwood* v. *Greenwood,* 113 Me. 226; *Carey* v. *Mackey,* 82 Me. 516; *Snow* v. *Gould,* 74 Me. 540; *McIntire* v. *McIntire,* 130 Me. 521; 17 Am. Jur. "Divorce and Separation," 408, Section 499.

Massachusetts holds, in a case involving a separation agreement and a Nevada divorce decree, that an action may be brought on the contract, although the decree awarded the sums stipulated "by way of approval of the agreement of the parties." The Massachusetts Court in its opinion said that "there is no reason why the wife may not have the protection of both." *Welch* v. *Chapman,* 296 Mass. 487. See also *Schillander* v. *Schillander,* 307 Mass. 96; *Carey* v. *Mackey,* 82 Me. 516; *Holahan* v. *Holahan,* 79 N. Y. S. (2nd) 786; 191 Misc. 47.

The defendant relies strongly on the case of *Fleming* v. *Yoke,* 53 Fed. Supp. 552 (District Court, West Virginia) which cites Nevada cases, but our attention has been called to no Nevada case, and we have found none that indicates that the parties have no right to maintain an action on the original contract. In *Fleming* v. *Yoke,* 53 Fed. Supp. 552 the construction of a Federal statute was involved and the question was whether a payment by the administrator, of the former husband's estate, to the wife was deductible under the Federal statute in an estate tax return as founded on a court decree. The Nevada cases cited by defendant:

*Lewis* v. *Lewis*, 53 Nev. 398; 2 Pac. (2nd) 131; *Drespel* v. *Drespel*, 56 Nev. 368; 45 Pac. (2nd) 792; *Aseltine* v. *District Court*, 57 Nev. 269; 62 Pac. (2nd) 701 involved questions of the right of the trial court to modify original decrees, and whether by agreements of separation the court was bound by contract stipulations. The Nevada Court held in these cases that the Trial Court in its divorce decrees is not bound by agreements of the parties, and that the financial terms of a decree may later, under some circumstances, be modified. The Supreme Court of the United States, in *Helvering* v. *Fuller*, 310 U. S. 69; 84 L. Ed. 1082 discussing a separation agreement and a decree of divorce in Nevada, states: "It seems to be admitted that under Nevada law the wife's allowance once made is final, *Sweeney* v. *Sweeney*, 42 Nev. 431; 179 P. 638, unless the decree itself expressly reserves the power to modify it. *Lewis* v. *Lewis*, 53 Nev. 398; 2 P. (2nd) 131, or unless the decree approves a settlement which in turn provides for a modification. *Aseltine* v. *Second Judicial Dist. Ct.*, 57 Nev. 269; 62 P. (2nd) 701. Here, no such power was reserved in the decree or in the agreement approved by the decree."

The case of *Carey* v. *Mackey*, 82 Me. 516, involved a separation agreement and a divorce decree by a court in Florida. The separation agreement did not provide for rescission or termination upon the wife's divorce. The failure of good behavior or remarriage were the only causes mentioned to permit termination of the contract. There were no conditions or modifications imposed by the decree, although the decree in Florida did provide for her support. There was in the Carey case therefore, a decree of the court for support and also an agreement between the parties for the same purpose. In an action on the agreement our court held the contract valid and enforcible in this state, and that the defendant should be credited for sums paid under the Florida decree. *Carey* v. *Mackey*, 82 Me. 516; see also 42 C. J. S. 187, "Husband and Wife," Section 602; 17 Am. Jur. 553 "Divorce," Section 736.

The validity of this contract of September 16, 1942, at the time of its execution, is not questioned by the defendant. The contract contemplated a possible divorce, and expressly provided for the contract to remain in full force and effect thereafter. The contract provisions were not stated or copied in the decree. It was made a part of the decree through reference to it by its date only. In accordance with the contract terms the contract was "presented to," and was "ratified, approved and confirmed" by the Nevada Court. It was not collusive or against public policy, as the contract was recognized with court approval. It was not changed in any manner by the decree, and did not lose its identity or force as an existing contract between the parties. Whether the Nevada Court could change the terms of the contract, or terminate the contract, are not the questions now before us. It did not and has not. The decree in no way nullifies or terminates the contract. The Nevada Court when it granted the divorce reserved no right to change, imposed no conditions, and ordered no alimony. On the contrary, it ordered the parties and each of them "to comply with the terms thereof." It is, therefore, not a decree with provision for alimony that is in issue, but the terms of a contract. There was no merger as claimed by the defendant and no order by the Nevada Court that prevents action on the contract. In fact, by the very terms of the court's decree the contract itself determines the property and other financial rights of the parties.

The defendant is not prejudiced by the plaintiff's election to rely on the contractual remedy, as the decree makes the terms of the contract the controlling factor. A compliance with the contract fulfills all the obligations imposed by the decree, and payments thereunder completely satisfies the order of the court.

We find no error on the part of the Superior Court in its acceptance of the referee's report.

*Exceptions overruled.*