Donald W. **PETERSON**

v.

Jane Peterson **LEONARD.**

Supreme Judicial Court of Maine.

Argued Feb. 3, 1993.
Decided March 15, 1993.

Stephen C. Lunt (orally), Givertz, Lunt & Hambley, Portland, for defendant.

Paula House McFaul (orally), Portland, for plaintiff.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

In these consolidated appeals, Donald Peterson appeals and Jane Peterson Leonard cross-appeals in Docket No. CV–77–1097 from a judgment entered in the Superior Court (Cumberland County, *Cleaves, C.J.*) holding Peterson in contempt and ordering him to make payments for support of an adult child as provided in the parties' divorce judgment. In addition, Jane Leonard appeals in Docket No. CV–91–264 from a summary judgment entered in the Superior Court (*Fritzsche, J.*) on Donald Peterson's motion challenging her claim for breach of contract based on the parties' settlement agreement. Because the court correctly held that Leonard could not enforce the terms of the parties' settlement agreement in an independent contract action, we affirm the judgment entered in Docket No.

CV–91–264. Although the court properly enforced the post-majority support obligations provided in the parties' settlement agreement that had been incorporated into the divorce judgment, it erred in summarily denying Leonard's request for attorney fees. Accordingly, with respect to the judgment entered in Docket No. CV–77–1097, we affirm in part, vacate in part, and remand for further proceedings.

## I.

Donald Peterson and Jane Peterson Leonard were divorced in 1978 pursuant to a judgment that expressly incorporated the parties' settlement agreement. Under the agreement, Peterson was obligated to pay child support until each of their three children reached the age of majority. The agreement defined "majority" as follows:

> For the purposes of this Agreement, majority shall mean when a child reaches the age of eighteen; or if such child elects to pursue post-secondary education, the first to occur of the attainment of age twenty-three or the completion of four years of post-secondary education.

The agreement also provided that Peterson was not obligated to pay support for a child living away from home to attend college, and that during such periods his overall support obligation would be reduced accordingly.

The agreement further established a trust for the children's college education expenses. Peterson was required to pay the difference between the amounts available from the trust and the cost of education for each child. In 1987, the court modified the judgment with the consent of both parties. The modified judgment provided for full satisfaction of Peterson's obligations with respect to the college expenses of the parties' eldest child and provided that with respect to the annual educational expenses incurred by either of the two younger children, Peterson would be required to pay an amount equal to the lesser of the cost of one year's tuition, room and board, fees, and books at the University of Maine, or the amount actually charged by the school attended.

The parties' youngest child, Erik, reached the age of eighteen in July 1990, and Peterson ceased making child support payments for his benefit soon thereafter. Leonard then notified Peterson that Erik intended to attend college following his graduation from high school. Erik enrolled at Northeastern University for the 1991–92 academic year. To date, Peterson has not paid any of Erik's college education expenses.

Leonard filed a motion for contempt in the divorce action seeking payment of child support arrearages, and a separate plenary action for breach of contract against Peterson seeking specific performance of the terms of the parties' modified settlement agreement and money damages. Both parties moved for a summary judgment in the contract action. After a hearing, the court entered a summary judgment in favor of Peterson stating that "the settlement agreement as modified is part of the divorce judgment and that the plaintiff's remedy, if any, is in the enforcement action in the divorce case." Leonard filed a notice of appeal with respect to the summary judgment and we granted her motion pursuant to M.R.Civ.P. 73(d) and 75B(b) to stay her appeal until a decision was rendered on her motion for contempt.

Thereafter, the parties requested that the court decide the motion for contempt based on the pleadings, supporting memoranda, and a stipulation of facts. The court ordered Peterson to pay Leonard $4,888 as child support arrearage for the period of August 1, 1990, through September 1991, and to reimburse Erik $7,458 for college expenses incurred during the 1991–92 academic year. The court did not rule on Leonard's request for attorney fees. Thereafter Leonard filed a motion erroneously captioned as seeking relief pursuant to M.R.Civ.P. 60(b)(1), accompanied by an affidavit concerning attorney fees. Apparently Leonard's motion was summarily denied without a hearing. Peterson filed a timely notice of appeal and Leonard filed

her notice of cross-appeal concerning the court's failure to award her attorney fees.

## II.

■ Leonard argues that the court's holding that her only remedy for enforcing the settlement agreement was an enforcement action in the divorce court is a misstatement of the law. We disagree. Once a settlement agreement has been incorporated into a divorce judgment, it becomes a part of the judgment of the divorce court and the language of the agreement "is significant to the extent that it reveals the intention of the divorce court." *Wardwell v. Wardwell*, 458 A.2d 750, 752 (Me.1983); *Torrey v. Torrey*, 415 A.2d 1092, 1094 (Me. 1980). In the absence of language in the agreement to the contrary, a settlement agreement that has been incorporated into a divorce judgment merges into the divorce judgment and ceases to have an independent existence as a contract enforceable in a contract action. *See Coe v. Coe*, 145 Me. 71, 76, 71 A.2d 514, 516 (1950) (settlement agreement did not merge into divorce judgment where "[t]he contract contemplated a possible divorce, and expressly provided for the contract to remain in full force and effect thereafter"). *See generally* 24 Am. Jur.2d *Divorce and Separation* § 841 (1983). Because the settlement agreement lost its identity as a contract upon incorporation into the divorce judgment, the court did not err in holding that Leonard could not enforce its terms in a contract action.

## III.

■ Peterson argues that the court lacked jurisdiction to enforce the order requiring him to pay child support and education expenses past Erik's eighteenth birthday. Although we agree with Peterson's premise that the court cannot order post-majority support payments on its own motion, *see* 19 M.R.S.A. §§ 303(2), 752(10) (Supp.1992), we disagree with his conclusion that the court therefore lacks the authority to enforce a divorce judgment that has become final without a challenge by direct appeal.

■ We have never addressed the precise issue whether a settlement agreement providing for post-majority support that has been incorporated into a divorce judgment may be enforced by the court through its contempt powers. We have held in an analogous context, however, that an agreement to pay alimony incorporated into a divorce judgment could be enforced by contempt even though the alimony statute in effect at that time did not authorize the court to award alimony to the wife where the divorce was granted on the grounds of the wife's marital fault. *See Stratton v. Stratton*, 77 Me. 373 (1885); *Wilson v. Wilson*, 140 Me. 250, 253, 36 A.2d 774, 775 (1944). On this point the *Stratton* court stated:

> But the court, being invested with jurisdiction in reference to alimony, there is nothing whereby parties are prohibited from entering into a proper agreement in reference thereto, or the court from rendering judgment in accordance with the agreement of the parties, which they have seen fit to make, as in other cases.

*Id.* at 377. Because the court may enforce, by contempt, an agreement with respect to alimony that was beyond its power to impose in the first instance, it may similarly enforce a post-majority support provision that it could not have originally imposed. Indeed, one who has expressly agreed to include such a provision in the judgment "is in a poor position to subsequently object to the court's doing what he requested the court to do." *Bliwas v. Bliwas*, 47 Wis.2d 635, 178 N.W.2d 35, 37 (1970). The divorce court commits an error of law when it imposes a post-majority support obligation on a parent in a divorce judgment in the absence of an agreement. An aggrieved party's failure to take a direct appeal from such a judgment, however, renders that judgment immune from collateral attack. *See Northeast Bank N.A. v. Crochere*, 438 A.2d 266, 268 (Me.1981). *See also Standish Tel. Co. v. Saco River Tel. & Tel. Co.*, 555 A.2d 478, 481 (Me.1989); *Eich v. Gellerson*, 441 A.2d 315, 317–18 (Me.1982).

■ On appeal, Leonard further contends that the court abused its discretion in failing to award her attorney fees. In her

motion for contempt, Leonard made a request for an award of attorney fees. In its order on the motion, however, the court neglected to dispose of this issue. Thereafter, Leonard filed a motion captioned as a motion for relief from judgment together with an attorney fee affidavit. Because Leonard had requested attorney fees and the court's order failed to dispose of this issue, the court's order was not a final judgment. *See Finn v. Finn*, 531 A.2d 671, 672 (Me.1987). Therefore, Leonard's motion was not a motion for relief from judgment, but was more properly viewed as an affidavit in support of her motion for attorney fees. Apparently, the court was misled by the improper caption of Leonard's motion and summarily denied the motion. Although we express no opinion whether Leonard is entitled to an award of attorney fees, we remand the case for a hearing on the merits of her request.

The entry is:

In CV–91–264, judgment affirmed.

In CV–77–1097, judgment affirmed in part and vacated in part. Remanded to the Superior Court for determination of Jane Peterson Leonard's request for attorney fees.

All concurring.