Nancy (Gilbo) HAWKINS

v.

William E. GILBO.

Supreme Judicial Court of Maine.

Submitted on Briefs March 17, 1995.

Decided July 27, 1995.

Richard Golden, Clifford & Golden, P.A., Lisbon Falls, for plaintiff.

Scott J. Lynch, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

William Gilbo appeals from a judgment entered in the Superior Court (Androscoggin County, *Brennan, J.*) in favor of his former wife Nancy Hawkins on her claim that William breached a settlement agreement by failing to pay for the college educations of their two children. William argues that the court erred by (1) not dismissing the suit for failure to join their son Keith who, as a third-party donee beneficiary of the contract, was an indispensable party; (2) awarding damages to Nancy who was only a promisee of the contract; and (3) awarding an excess amount of damages. We vacate the judgment.

Nancy and William were married on May 31, 1969, while he was serving in the military. They had two children, Christina born in 1970, and Keith born in 1972. In December 1987 they entered into a separation agreement wherein they agreed not to finalize a divorce until after May 31, 1989. Waiting until that date would allow Nancy to obtain certain military benefits by virtue of having been married to William for twenty years. The separation agreement also provided that the parties would each be responsible for fifty percent of the tuition, support, and other expenses associated with the college educations of their children.

In February 1988 Nancy and William entered into a second agreement wherein they agreed to request a divorce without a limitation on the finalization date, and also agreed that as part of the disposition of their marital property, Nancy would receive a portion of William's military pension equal to one-half of the value that had accrued during the nineteen years of their marriage. In addition, William agreed to be entirely responsible for the expenses associated with the children's college educations. They divorced in May 1988.[1] In June 1988 they amended the second settlement agreement to clarify their respective obligations with regard to the college educations of their children. The amendment explicitly removed the word "loan" from the phrase "over and above any grants, loan or scholarships," so that the applicable provision as amended read:

> COLLEGE EDUCATION: It is hereby agreed that WILLIAM E. GILBO shall be entirely responsible for the payment of any and all undergraduate college tuition—over and above any grants or scholarships—incurred for the benefit of the two children of the parties, and shall hold NANCY F. GILBO harmless therefrom. Additionally, WILLIAM E. GILBO shall be responsible for the payment of any and all reasonable incidental and daily living expenses incurred by either of the children while they are full-time students. The parties recognize that this provision cannot be enforced through the jurisdiction of the Maine District Court divorce action, but WILLIAM E. GILBO hereby binds himself on an independent contractual basis.

Both Christina and Keith later attended college.

In July 1992 Nancy filed a complaint against William alleging that, as a result of William's failure to make all the college expense payments required by the agreement, she was "entitled to recover any and all expenses incurred for tuition on behalf of the parties' children." In his answer to the complaint, William contended that Nancy was barred from bringing the suit without joining the children as parties.

After a nonjury trial, the court found that the series of agreements constituted a binding contract between William and Nancy that was enforceable by Nancy without joining the children as parties to the action. It found that Nancy waived any claims with respect to Christina's college expense. With respect to Keith it stated:

> It is essentially undisputed that Keith's tuition and incidental expenses for four years of college were $39,342.68. It is likewise undisputed that Mr. Gilbo has contributed $8,392.50 toward these costs. Thus, the balance due is $30,950.18.

Based on this finding, the court entered a judgment for Nancy in the amount of $30,950.18 with interest and costs.[2]

On appeal from this judgment, William argues that the court erred by concluding that Keith was not an indispensable party to Nancy's contract action for damages, and that her failure to join Keith, who was a third-party donee beneficiary of the contract, limited her remedy to specific performance. We agree.

---

1. In a preliminary ruling, the court (*Alexander, J.*) determined that although the settlement agreement was incorporated in the divorce judgment, the terms of the agreement gave it an independent existence as a contract enforceable in a contract action. *See Peterson v. Leonard,* 622 A.2d 87, 89 (Me.1993). Neither party challenges this ruling.

2. The court entered this judgment for Nancy despite the undisputed evidence that Keith himself incurred the majority of these college-related expenses.

First, we dispose of Nancy's contention that Keith was not a third-party donee beneficiary of the contract. The language in the contract and the circumstances surrounding it clearly indicate that the parties intended that Keith receive the benefit of William's promise to pay for Keith's education. *See F.O. Bailey Co. v. Ledgewood, Inc.*, 603 A.2d 466, 468 (Me.1992).

We next examine Nancy's rights as the promisee in this contract for the benefit of Keith. "A promise in a contract creates a duty in the promisor to the promisee to perform the promise even though he also has a similar duty to an intended beneficiary." *Restatement (Second) of Contracts* § 305(1) (1981). "[E]ither the promisee or the beneficiary may maintain a suit for specific enforcement of a duty owed to an intended beneficiary," *Id.* § 307. "The promisee cannot recover damages suffered by the beneficiary, but the promisee is a proper party to sue for specific performance. . . ." *Id.* § 307 cmt. b. "If the promisee has no economic interest in the performance, as in many cases involving gift promises, the ordinary remedy of damages for breach of contract is an inadequate remedy, since only nominal damages can be recovered." *Id.* § 305 cmt. a. Thus, without joining Keith, Nancy could have brought an action for specific enforcement of the contract and for her actual damages, but not for the damages suffered by Keith. Moreover, absent a showing that she was obligated to pay for Keith's education, her actual damages would be limited to nominal damages.[3] *See In re Marriage of Smith & Maescher*, 21 Cal.App.4th 100, 26 Cal.Rptr.2d 133, 138 & n. 6 (1993) (because promisee wife had no legal obligation to pay college expenses of child, her failure to join donee beneficiary child in action against promisor husband precluded recovery of money given to child for education). *See also Mitchell v. Combank/Winter Park*, 429 So.2d 1319, 1322 (Fla.Dist.Ct.App.1983).

Nancy did not seek specific performance, join Keith as a party to her action, demon-strate a legal obligation to pay Keith's college expenses, or claim that Keith assigned his rights against William to her. We therefore conclude that the Superior Court erred by permitting Nancy to recover more than nominal damages against William and that the judgment must be vacated. Accordingly, we need not address William's contention that the damage award was otherwise in error.

The entry is:

Judgment vacated.

Remanded with leave to amend the pleadings to add Keith Gilbo as a party and/or seek specific performance; or, in the absence of such an amendment, with instruction to consider whether to enter a judgment for Nancy Hawkins for nominal damages.

All concurring.

---

**3.** Nancy has not argued that the "hold harmless" clause of the contract entitles her to recover the amount she voluntarily contributed toward Keith's expenses. In view of the ambiguity of that language in these circumstances, *see* BLACK'S LAW DICTIONARY 731 (6th ed. 1990), we intimate no opinion concerning its applicability.