Sneed, J.,
delivered the opinion of the Court.
A decree in this cause was rendered in the First Chancery Court of Shelby county, on the 6th October, 1870, in behalf of complainants and against the defendant for the sum of $5,394.85. After stating the rights and equities of the parties, the decree proceeds as follows: It is therefore ordered and decreed by the Court, that the complainants in the first -of these causes, B. M. Pond and wife Elizabeth A. Pond, re *533 cover of the said M. L. Trigg said sum of $5,394.8.5, alid the costs of this suit, for which let execution issue as at law. A separate order having been.made in the case of Lucy J. Stockley v. M. L. Trigg, et al., renewing the order of reference heretofore entered herein, it is on motion ordered that the former order consolidating these causes be vacated, and that the last named cause proceed upon the order of reference, and that this decree be entered as a final decree in this cause.
From this decree there was no appeal prayed, and no exception was taken to it at the term at which it was rendered. An execution tested of that term was issued upon the decree, and was levied by the Sheriff of Shelby county upon real estate, as the property of the defendant, on the 24th of March, 1871, ■ but according to the return of the Sheriff, “too late to advertise according to law.” At the term next succeeding the term at which the final decree was rendered in the cause, and on the 13th of 'April, 1871, the following order was made and entered of record in the cause:
“In this cause upon motion and it appearing to the Court that on the 22d day of March, 1871, a writ of fieri faeias issued to the Sheriff of Shelby county, upon the decree entered herein at a former 1 erm of this Court in favor of B. M. Pond and wife Mrs. E. A. Pond, formerly E. A. Walker, which came to- the hands of said Sheriff on the 23rd day of March, 1871, and upon which he has made the following return :
*534 • “‘No personal property to be found in my county upon wbicb to levy this fi. fa.) levied the same on the following described real estate, lying and being in Shelby county, Tennessee, and known and designated upon the plan of the city of Memphis, as part of lot 74, north-east of Adams and Front row, fronting twenty feet on Front row and running back between parallel lines sixty-nine feet parallel with Adams street, east, with all improvements thereon, as the property of Martha L. Trigg. Marcus J. Wright, Sheriff.
“‘March 24, 1871. By Geo. R. Powell, D. S.
“‘The above levy made too late to advertise according to law. Marcus J. Wright, Sheriff.
“‘March 24, 1871. By Geo. R. Powell, D. S.;
“It is therefore ordered by the Court that venditioni exponas ' issue to the Sheriff of Shelby county, commanding him to proceed and sell said real estate, or all the right, title and interest of said defendant therein, as the law prescribes.”
On the 21st ‘ of April, 1871, it being one of the days of the term at which the last mentioned order was granted, the following order granting an appeal was entered in the cause:
“The defendant Martha L. Trigg, comes and prays an appeal to the next term of the Supreme Court to be held at Jackson, from the decree entered herein April 13th, 1871, directing a venditioni exponas to issue for the sale of the real estate mentioned herein, which appeal is allowed upon the defendant entering into bond and security for costs. And the bond having been executed, the appeal is perfected, and the vendi- *535 tioni exponas issued herein on the 18th day of April, 1871, is hereby suspended.”
It will be observed that this appeal was prayed and granted during the sitting of this Court at its present session, and that the appeal is granted to the next term of this Court, which by law is fixed for the first Monday in April, 1872.
The complainants have brought the transcript into this Court, and move to dismiss the appeal because the same was improvidently granted. It is urged on the part of the complainants, that upon the bond being given, and the appeal prayed and granted, the cause is at once transferred to the jurisdiction of this Court, and that they have pursued their only remedy in bringing the transcript here and asking a dismissal of the appeal. And they insist that when a cause is improperly here, the proper practice is to have it stricken from the docket, if upon the docket; and that if an improper and unlawful appeal is taken to the next term of this Court pending a term thereof, that the appeal may be heard here at any time, upon motion and upon production of the transcript, to show that said appeal was improper and unlawful, and to ask this Court to vacate and annul the same; that the hardship resulting to complainants is that the defendant is permitted to suspend and postpone a money decree for nearly twelve months upon a mere bond for costs, and upon an appeal from a mere decretal order in execution of the final decree which had been acquiesced in by the defendant. On the other hand, it is urged that the cause is not here at all, and it can *536 not be in this manner brought here by the appellee until the term is ended at which the appeal is granted. It may be observed here, however, that the record does not show that the First Chancery Court of Shelby county was in session at the time this motion was entered; and that while this Court is bound to know judicially the regular terms of inferior Courts as fixed by law, yet that judicial knowledge does not extend to the length and duration of their sessions. The appellant refers, in support of his position, to the several cases of Davis v. Jones, 3 Head, 603; Staggs v. State, 3 Hum., 372; Clark v. Larry, 3 Sneed, 77; and Ferrell v. Alden, 2 Swan, 77; that the cause is not in this Court until after the expiration of the term at which the appeal was taken. In a certain sense this is certainly true. But the decisions referred to were upon cases where something was sought to be done at a term subsequent to that at which the cause was finally tried and a final judgment or decree rendered, as an attempt, for illustration, to perfect a bill of exceptions at a subsequent term. It is the settled doctrine of this Court that the broad appeal vacates the judgment of the inferior Court, while the appeal in error merely suspends the judgment of the inferior Court, and does not annul or destroy it. The simple appeal, it is said by this Court, operates as an immediate transfer of the cause to the Appellate Court, puts an end to all further control of the inferior Court, and operates also to annul its judgment, which in legal contemplation ceases to exist after the appeal is granted: Furber v. Carter et al., 2 Sneed, 2.
*537 This being, so, what is the effect of the defendant’s appeal in this case? It is true he is not bound to have his cause brought here and docketed for trial at the present term — nor is this Court bound to hear it at the present term — nor is it competent for this Court under the law, unless. for extraordinary reasons, to hear and determine it upon the merits before the term to which the appeal is prayed and granted. But if defendant could have appealed at all from this order, he could have appealed to the present as well as the next term, and by notice and filing the record have had his rights determined as well at this term as at the next: Code, 4515. The appeal, however, whether valid or otherwise, being granted and perfected, the Court below. is clearly denuded of its jurisdiction in the cause. Upon a proper case it might be vacated there by the consent of the appellant; but so far as that case is concerned the appellee has no rights in the inferior Court so long as the appeal stands unchanged upon its records. The jurisdiction upon any. question which the appellee may wish to - make upon the subject can not be in abeyance — it must rest somewhere — it can not be in nubibus. It was an observation of Sir "William Blackstoné, that when the law gives a right it always gives a remedy. -He but interpreted in his own language the ancient Latin maxim of the law, ubi jus ibi remedium. Where the interpretation of a law is doubtful, it is against the policy of the law and all the traditions of the Courts to give it such a construction as must necessarily defeat a remedy. And that was a sound rule of construe *538 tion which was recognized by this Court in the case of The State ex rel. v. The Clarksville Turnpike Co., 2 Sneed, 88, that a thing may be within the letter of a statute and yet not within the statute, unless it be within the intention of the maker. Another fixed rule of interpretation frequently recognized by this Court is, that in order properly to construe any statute it must be considered in connection with all others upon the same subject. In other words, statutes must be construed together in pari materia. By the Code, s. 3164, it is provided that where decrees are for a specific sum of money and against the party in his own right, the appeal bond shall be for the amount of the decree, and damages and costs. And the law makes the same requirement as to causes brought here by writ of error ■ to reverse a money decree: Code, s. 3184. Now either party to a judgment or decree may obtain an appeal therefrom; or if he fail at the appropriate time to avail himself of that right, he may bring his cause here by writ of error within the time and in the manner prescribed by law. In either case, if the appeal be from a money decree, he must indemnify the plaintiff by a bond for the amount of his recovery. The decree so to be appealed from in its general sense is the final decree in the cause; and there can be no appeal except from a final decree, except in certain specified cases provided for in the statute, which allows the Chancellor or Judge in his discretion to allow an appeal in certain cases. These are appeals from a decree in equity causes determining the principles involved and ordering an account, or a *539 sale, or partition before the account, is taken, or the sale or partition made; or on overruling a demurrer; or a decree which settles the right of the appealing party, although the case may not be disposed of as to others: Code, s. 3157.
When a decree finally decides and disposes of the whole merits of the cause and reserves on its face no further questions or directions for the future judgment of the Court, so that it will not be necessary to bring the case again before the Court for its final decision, it is a final decree: 2 Dan. Ch. PL, 1010. It is from such a final decree, and not from an interlocutory decree or decretal order in the cause, that the party can appeal or have his writ of error, unless upon his attempt to appeal before the final decree he being himself within the special exceptions of the statute. It would seem from a literal interpretation of the statute, that the Court in its discretion may grant an appeal from any kind of order which directs a sale, but the proceedings contemplated in the statute are such as transpire in the progress of the cause before and not after the final decree, • and in the opinion of the Court, the venditioni exponas issued in mere execution of a final decree in this case, is not within the meaning of the statute. First, because the statute refers to interlocutory proceedings had during the progress of the cause and before the final decree; and secondly, by the express and imperative provisions of the statute no mere money decree can be suspended upon appeal, unless the complainant be indemnified by bond for the amount of his recovery.
*540 It was held in Eagan v. Phister, 5 Sneed, 298, that an appeal or writ of error lies to this Court from a judgment in the inferior Court against a purchaser at a judicial sale, but this was upon the principle that the purchaser, not being a party to the original suit, was a new party who was entitled to his day in Court, and in that kind of case the final decree was yet to be rendered. We are of opinion, therefore, that the appeal in this case was improperly granted, and the question recurs, can the present application of the appellee be maintained on principle. This is not to be assimilated to a case where the ap-pellee, in default of the appellant, files a transcript for an affirmance of his decree where a valid appeal has been taken; but the appeal here is a nullity, except so far as it has shorn the Chancellor below of all jurisdiction of the cause. The question, whether or not it be a valid appeal, belongs to this Court, and the appellee states truly that if their remedy be not here, it is nowhere. This Court has established no practice upon this subject that we are aware of. But without regard to a positive statute which permits it, every judicial tribunal has the inherent authority to establish rules of practice to effectuate its peculiar jurisdiction. The appellee having, therefore, a right, must have a remedy, and that remedy must be in the only tribunal which can take jurisdiction in the cause. The remedy by motion in such a case is a favorite of the law, because it prevents circuity and expensiveness of action. We see no objection to the remedy by motion in this case, the adverse party having due *541 notice thereof. Indeed, we hold it to be an appropriate, if it be not the best, remedy. The writ of venditioni exponas seems to be regular on its face. If the defendant is aggrieved or injured by it, she is not without remedy in the Court from which it is issued. If she be wronged by the final decree 'below, she has her remedy here by writ of error, upon complying with the mandates of the law.
The motion is allowed and the appeal dismissed.