# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 25, 2016 Session

## HITACHI CAPITAL AMERICA CORP v. COMMUNITY TRUST & BANKING COMPANY, ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 10-0230  W. Frank Brown, III, Chancellor**

_____

**No. E2015-02121-COA-R3-CV**
**FILED-SEPTEMBER 20, 2016**

_____

This is a declaratory judgment action in which the intervening plaintiff sought to establish priority lien status over the original plaintiff as well as a Rule 19 defendant.  We affirm the decision of the Chancery Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, C.J., joined.

Christopher D. Markel and Wilson C. von Kessler, II, Chattanooga, Tennessee, for the appellant, Hitachi Capital America Corp.

Samantha A. Lunn and Caleb T. Holzaepfel, Chattanooga, Tennessee, for the appellee, Cornerstone Community Bank.

## OPINION

### I.  BACKGROUND

On September 27, 2010, the Hamilton County Chancery Court granted the Appellee, Cornerstone Community Bank ("Cornerstone"), summary judgment in its suit against Southern Group, LLC, Travis L. Shields, Thomas A. Dobson, and Joshua Dobson

("Debtors"), jointly and severally. The order granting the motion for summary judgment (the "Order") awarded Cornerstone an unpaid principal loan balance, accrued and unpaid interest, additional interest, attorney fees and expenses, and post-judgment interest. The Order did not assess court costs. Cornerstone subsequently filed a judgment lien against certain real property located in Marion County, Tennessee (the "Property") with the Marion County Register of Deeds on November 8, 2010. Approximately nine months later, on August 29, 2011, the court entered an amended order adjudging costs against the Debtors.

On October 26, 2010, in a separate Hamilton County Chancery Court proceeding ("the Community case"), Community Trust and Banking Company ("Community Bank") and Debtors entered an agreed judgment awarding Community Bank an unpaid principal loan balance and post-judgment interest. Community Bank subsequently filed a judgment lien with the Register of Deeds in Marion County, Tennessee on November 1, 2010, also against the Property in Marion County.

On March 23, 2011, in yet another separate proceeding, this time in the Circuit Court for Marion County, Tennessee, Hitachi Capital America Corporation ("Hitachi") was awarded default judgment against Travis Shields, one of the Debtors in the Cornerstone and Community cases. Hitachi subsequently filed a judgment lien with the Register of Deeds in Marion County, Tennessee on April 28, 2011 – nearly six months after Cornerstone filed its judgment lien, but four months before the Hamilton County trial court entered its amended order adjudging costs – also against the Property in Marion County.

On November 5, 2014, Hitachi filed an intervening complaint in the Community case, adding Appellee Cornerstone as a Rule 19 Defendant. In its intervening complaint, Hitachi asserted that Cornerstone's judgment lien against the Property had not been perfected because the September 2010 Order upon which the lien was predicated was not a valid and final judgment due to its failure to assess court costs.

Cornerstone appeared in the present case in December 2014 and subsequently filed a motion to dismiss the intervening complaint. The trial court denied the motion and converted it to a motion for summary judgment. On October 6, 2015, following a hearing, the court granted summary judgment in favor of Cornerstone. The court ruled, inter alia, that the September 2010 order was a valid and final judgment, and that Cornerstone was entitled to lien priority status over Hitachi. In the order, the court found:

> 1. Pursuant to Tennessee Rule of Civil Procedure 54.04 ("Costs included in the bill of costs prepared by the clerk shall be awarded to the prevailing party unless the court otherwise directs"), and Tenn. Code Ann. §20-22-1010 ("[t]he successful party in all civil actions is entitled to full costs, unless otherwise directed by law or by a court of record, for which judgment shall

be rendered"), court costs are awarded to the prevailing party in a civil action.

2. In *State ex rel McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997), the Tennessee Court of Appeals stated that a "final judgment" is one that adjudicates all claims between the parties, "leaving nothing else for the trial court to do." Further, according to dicta in *Sullivan v. Parham*, No. 86-272-II, 1987 WL 18716, at * 2 (Tenn. Ct. App. Oct. 23, 1987), a judgment may be final without the adjudication of court costs to the parties.

3. Though there is no binding precedent directly on point, it appears to this court that a final judgment is not compelled to include court costs. Rather, court costs are included as a matter of law. To find otherwise could call the finality of other prior judgments into question.

Accordingly, the trial court held that Cornerstone was entitled to lien priority status over Hitachi. This timely appeal followed:

## II. ISSUE

We consolidate the issues raised by the parties into the following single and dispositive issue: Whether the trial court erred in finding that the order granting summary judgment in the Cornerstone case, entered September 27, 2010, constituted a valid and final judgment, notwithstanding the Order's failure to assess court costs.

## III. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. To make this showing the moving party – where it does not bear the burden of proof at trial – must either "(1) affirmatively negat[e] an essential element of the nonmoving party's claim or (2) [demonstrate] that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

This court reviews a trial court's grant of summary judgment de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 412 (Tenn. 1997). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the non-movant and resolve all factual inferences in the non-movant's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox. Cnty. Bd. of Educ.,* 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the moving party is entitled to judgment as a matter of law and the trial court's decision will be upheld. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

## IV. DISCUSSION

In appealing the trial court's ruling, Hitachi challenges the finality of the September 2010 Order granting the motion for summary judgment in the Cornerstone case. Hitachi contends that because the Order failed to assess costs, the case remained open until the amended order adjudging costs was entered in August 2011. Hitachi recorded its lien four months before the entry of the amended order and argues accordingly that Hitachi is entitled to lien priority status above Cornerstone.

Cornerstone responds that the September 2010 Order constituted a valid and final judgment, that its November 2010 lien was perfected as of the date of its filing, and that Cornerstone is accordingly entitled to lien priority status above Hitachi.

We therefore must determine which filing – the September 2010 Order or the August 2011 amended order – constituted the final judgment in the Cornerstone case, allowing Cornerstone to perfect its lien against the Property.

As recently stated in *Utopia Place, LLC v. Eastern Properties, Inc. Bellevue*, No. M20140-02196-COA-R3-CV, 2016 WL 4005927 (Tenn. Ct. App. July 20, 2016):

> A final judgment is not an "order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Tenn. R. App. P. 3(a). Orders that resolve fewer than all claims or the rights and liabilities of fewer than all the parties are "subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." *Id.* Our Supreme Court has described a final judgment as a judgment "that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Bill v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009).

2016 WL 4005927 at * 3.

- 4 -

A lien on real property is perfected when a final judgment is recorded in the register's office of the county where the subject property is located. *Andrews v. Fifth Third Bank*, 228 S.W.3d 102, 107-109 (Tenn. Ct. App. 2007) (internal citations omitted). A judgment in a civil action "is final if: (1) the court expressly designated it as a final judgment pursuant to Tennessee Rule of Civil Procedure 54.02; or (2) the order adjudicated all the claims in the action." *Id.* at 108. A final judgment, therefore, is one which "fully and completely defines the parties' rights with regard to the issue, leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997).

The Tennessee Supreme Court has held that "when consecutive 'final' judgments are entered, a subsequent entry of judgment operates as the final judgment only if the subsequent judgment affects the parties' substantive rights or obligations settled by the first judgment." *Ball v. McDowell*, 288 S.W.3d 833, 838 (Tenn. 2009).

Here, we find nothing in the record to suggest that the September 2010 Order failed to fully adjudicate all of the case's claims or to define the parties' rights with regard to the issue. The Order plainly states that Cornerstone "established a prima facie case for breach of contract" against each of the defendant Debtors and that the Debtors "failed to set forth any evidence creating a genuine issue of material fact." It goes on with specificity and particularity to award Cornerstone a judgment against the Debtors, jointly and severally, for the remaining loan principal amount, accrued and unpaid interest, additional interest which had accrued during litigation, reasonable attorney fees and expenses accrued during litigation, post-judgment interest, and additional attorney fees and expenses accruing after August 27, 2010. In contrast, the amended order adjudging costs entered in August 2011 did not alter or address any of the substantive claims or rights of the parties simply taxes costs against the defendants. The amended order did not affect the parties' substantive rights or obligations set forth in the preceding Order. *See Ball*, 288 S.W.3d at 837.

As further importantly noted in *Utopia Place*, "[c]ourt costs do not factor into the determination of whether an order or judgment is final." 2016 WL 4005927 at * 5. "A decree will be treated as final, and an appeal entertained only where there is nothing left for future determination except the adjudication of the costs." *Mengle Box Co. v. Lauderdale Cnty*, 230 S.W. 963, 966 (Tenn. 1921). In *Mengle*, the Court stated,

> In settling the question as to whether a given decree is final, the decision as to costs does not enter as an element; it is the decision as to the merits that determines. If the entire merits are disposed of, the decree is final; otherwise not.

230 S.W. at 965 (internal quotation omitted). *See also Sullivan v. Parham*, No. 86-272-II, 1987 WL 18716, at *2 (Tenn. Ct. App. Oct. 23, 1987) ("A final judgment must leave nothing for future adjudication except, perhaps, the taxation of court costs.")(J. Koch); *Cockrell v.*

*Cockrell*, 83 S.W.2d 281, 283 (Tenn. Ct. App. 1935) ("the taxation of costs of a cause . . . is an incident to the merits of the case, and not such a controlling element of the cause as to determine the question of finality of the decree.").

## V.  CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary.  Costs of the appeal are taxed to the appellant, Hitachi Capital America Corp.

_____
JOHN W. McCLARTY, JUDGE